Larry Leon BARNES, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 83–90.

Supreme Court of Wyoming.

Oct. 14, 1983.

Richard D. Heideman and Andrew L. Breffeilh, Jackson, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Margaret M. White, Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

THOMAS, Justice.

The sole question presented in this appeal is whether the district court, in sentencing the appellant for the offense of aggravated assault and battery in violation of § 6–4–506(a), W.S.1977, had the authority to require the appellant to make restitution to the victim in the amount of $20,000. In a rather rare, but not unique, style of response the appellee, the State of Wyoming, has confessed error. We agree with the conclusion of the appellant and the appellee that the district court in this instance imposed an illegal sentence. We shall reverse and remand the case for the purpose of imposing a lawful sentence.

On February 11, 1983, a jury found the appellant guilty of a violation of § 6–4–506(a), W.S.1977. This statutory provision provides:

"If any person shall unlawfully and maliciously inflict upon another person, any grievous bodily harm the person so offending shall be fined not more than one thousand dollars ($1,000.00) or be confined in the county jail not more than one (1) year, or both."

On April 18, 1983, the Judgment and Sentence was entered in the district court. The district court sentenced the appellant as follows:

"IT IS ORDERED:

"1. That you, LARRY LEON BARNES, be remanded to the custody of the Sheriff of Teton County, Wyoming, and that you be incarcerated in the Teton County Jail for a period of one (1) year.

"2. That you pay a fine to the Clerk of the District Court in the amount of $1000.00.

"3. That you make restitution in the amount of $20,000.00 to Colin Joseph."

The record discloses that the district judge was, to say the least, nonplussed by the jury's verdict finding the appellant guilty of assault and battery without a dangerous weapon instead of the felony offense of assault and battery while armed with a dangerous or deadly weapon in violation of § 6–4–506(b), W.S.1977. The motivation for the sentence imposed by the district court perhaps is best expressed in this extract from the sentencing proceedings:

"The victim in this case was very seriously injured. In fact, the victim is still taking Dilanton to control seizures which, of course, as we all know affects your ability to drive a car, obtain a driver's license and those usual kinds of things that people like to do in the enjoyment of their life, because you got drunk and went over and beat him in the head with this thing here. This thing here. That is the weapon that was used in this case. The weapon that's used in this case is a shotgun, I believe it to be a 20 gauge with a pistol-grip and it's sawed off. The possession of this weapon in and of itself is a violation of the law, and you took this weapon, loaded in your hands, went over to the victim's apartment, he was hit on the head, the gash severed his skull so that his brains were showing, was taken to Salt Lake City where he almost died, he's still suffering and will suffer the rest of his life because you got drunk and decided to take the law in your own hands with this."

The district judge also noted that the medical treatment for the victim up to that time had run approximately $20,000.

It is from the judgment and sentence quoted above that the appellant has taken his appeal. In the appellant's brief the issue is stated as follows:

"WHETHER THE DISTRICT COURT LACKED AUTHORITY TO IMPOSE A RESTITUTION PENALTY OF TWENTY THOUSAND DOLLARS ($20,000.00) FOR A MISDEMEANOR IN ADDITION TO IMPOSING THE MAXIMUM SENTENCE UNDER LAW."

As previously noted, the State of Wyoming agrees that the district court did not have such authority.

The only statutory provision for restitution in a criminal case in this state is found in § 7–13–308, W.S.1977, Cum.Supp.1982. At the time that the sentence in issue in this case was imposed, this statute read as follows:

"If the sentencing court orders suspended imposition of sentence, suspended sentence or probation, the court may require as a condition that the defendant, in cooperation with the probation and parole officer assigned to the defendant, promptly prepare a plan of restitution, including the name and address of each victim, a specific amount of restitution to each victim and a schedule of restitution payments. If the defendant is presently unable to make any restitution but there is a reasonable possibility that the defendant may be able to do so at some time during his probation period, the plan of restitution shall also state the conditions under which or the event after which the defendant will make restitution. If the defendant believes that no person suffered pecuniary damages as a result of the defendant's criminal activities, he shall so state."

This statute does not justify a requirement of restitution as a part of a sentence of incarceration.

In Wyoming, the rule is clear that, "the courts can impose only those sentences as authorized by the legislature." *Sorenson v. State,* Wyo., 604 P.2d 1031, 1036 (1979). In *Sorenson v. State,* supra, at 1036, this court quoted with approval the following language found in 21 Am.Jur.2d Criminal Law § 14:

" 'The power to determine what acts shall constitute crimes, and what acts shall not, and to prescribe punishment for acts prohibited belongs to the legislative branch of government. This power is said to be inherent in the state legislature and it is also comprehended in the general grant of legislative power contained in the state constitution. The power is exclusive and is not shared by the courts. So long as constitutional prohibitions are not infringed, the will of the legislature in this respect is absolute. But the power to define crimes is of course subject to the limitations contained in state and federal constitutions.' "

In *Phillips v. State,* Wyo., 553 P.2d 1037, 1041 (1976), this court also quoted with approval the following:

" 'In any case, jurisdiction to order restitution in criminal cases is statutory, and

in the absence of statute it has been held that the court has no power to issue such an order * * * ' 24B C.J.S. Criminal Law § 2004, p. 705."

While *Phillips v. State* involved disposition of property in the possession of the appellant at the time of his arrest, we perceive the rule quoted to be sound and aptly applied in this case.

Under the circumstances, we commend the State of Wyoming for concluding that it was appropriate to confess error. The State in its brief quoted from *Young v. United States,* 315 U.S. 257, 258, 62 S.Ct. 510, 511, 86 L.Ed. 832 (1941), the following language:

"The public trust reposed in the law enforcement officers of the Government requires that they be quick to confess error when, in their opinion, a miscarriage of justice may result from their remaining silent. But such a confession does not relieve this Court of the performance of the judicial function. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed. * * "

■ We hold that this sentence which requires restitution to the victim is illegal because there is no statute authorizing restitution when the defendant is sentenced to incarceration. The State urges that the case be resolved by holding that the illegal portion of this Judgment and Sentence, the requirement for restitution, be stricken or vacated. The State then urges that the lawful portion consisting of the fine and imprisonment in the Teton County Jail should be affirmed, citing *State v. Sorenson,* supra. We recognize the proposition stated in *State v. Sorenson,* supra, that we may modify a divisible sentence, if a part of it is illegal or improper, by striking the illegal or improper portion. In *State v. Sorenson,* however, we said in concluding the opinion:

"* * * The trial court might have imposed an entirely different sentence had it known that the mandatory hospitalization would not be required." *Sorenson v. State,* supra, at 1038.

In our judgment the district court in this instance conceivably would have treated with the sentence differently had the court been persuaded that it could not impose the requirement for restitution unless it was proceeding with a suspended sentence or probation. Certainly the record manifests a clear concern by the court with respect to the medical expenses which had been incurred by the victim.

We, therefore, affirm the conviction, but reverse the sentence because it is not a lawful sentence. We remand this case for resentencing of the appellant in accordance with the law as reflected in the foregoing opinion of the court.