present it to the Florida Supreme Court. In the state court, petitioner apparently attacked the trial judge's ruling as an abuse of discretion, not as a deprivation of his constitutional rights. While it is true that, as a general matter, this Court will not review federal constitutional issues that have not been raised in state court, this rule is not absolute. When the record in a case has revealed plain error, this Court has enforced federal constitutional standards despite the petitioner's failure to raise clearly his federal constitutional claim in the court below. See, *e. g.*, *Vachon* v. *New Hampshire*, 414 U. S. 478 (1974) (reversing a criminal conviction on the basis of a due process claim neither made in constitutional form to the State Supreme Court nor presented by the appellant in his jurisdictional statement to this Court).

My inability to countenance the deprivation of constitutional rights to which the petitioner was clearly subjected requires that I dissent from the Court's denial of certiorari.

No. 83–6129 (A–708). BOWLES ET AL. *v.* GEORGIA. Ct. App. Ga. Application for bail, presented to JUSTICE BRENNAN, and by him referred to the Court, denied. Certiorari denied.

No. 81–1687. SONY CORPORATION OF AMERICA ET AL. *v.* UNIVERSAL CITY STUDIOS, INC., ET AL., 464 U. S. 417;

No. 82–1135. MCKASKLE, ACTING DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS *v.* WIGGINS, *ante*, p. 168;

No. 83–593. ELLSWORTH FREIGHT LINES, INC., ET AL. *v.* STATE TAX COMMISSION OF MISSOURI, *ante*, p. 1001; and

No. 83–5903. JONES *v.* UNITED STATES, *ante*, p. 1011. Petitions for rehearing denied.

MARCH 23, 1984

No. 83–1228. SCALA *v.* SECURITIES AND EXCHANGE COMMISSION. C. A. 2d Cir. Certiorari dismissed under this Court's Rule 53.