Rodger Lee ROOSE, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–157.

Supreme Court of Wyoming.

April 13, 1988.

Rodger Lee Roose, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and David K. Gruver, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

In this case, appellant Rodger Roose appeals pro se from a conviction of burglary.

We affirm in part and reverse in part.

Appellant's issues on appeal are summarized as follows:

1. Whether appellant was denied his right of self-representation; and

2. Whether the trial court abused its discretion when it:

a. Refused to give appellant probation;

b. Sentenced appellant to be imprisoned for a period of not less than nine years, 11 months, and 29 days nor more than ten years in the Wyoming State Penitentiary; or

c. Provided in its sentence that the term imposed upon appellant in this case would be served consecutively to any other sentence which thereafter might be imposed upon him.

At approximately 12:30 a.m. on June 18, 1984, Russell Stewart, a deputy sheriff for Teton County, went into the Jackson Post Office to retrieve his mail and heard the sound of a rotary impact drill coming from an employee work room. Knowing that the post office was closed and that no employees worked at that hour, he suspected foul play and summoned assistance. Thereafter, Officer Stewart peered through a post office box into the employee area, spotted an unauthorized suspect kneeling near a safe located in that room, and called for additional backups to secure the outside of the building.

Once the building had been secured and Officer Stewart had identified himself, the suspect fled, crawling into the darkness of the unlit room. A systematic search of the premises led officers to a ladder which was set up directly under the false ceiling where one of the ceiling tiles had been dislodged. They followed rustling noises coming from the space between the false and permanent ceilings which led them to discover a gloved hand clasped around one of the ceiling tiles, and they surrounded the suspect who was perched on a beam within the ceiling space. After some time, the suspect surrendered and was transported to jail where he was identified as appellant Rodger Roose.

On June 21, 1984, a complaint was filed in the Justice Court of Teton County charging appellant with burglary in violation of § 6-3-301(a), W.S.1977,[1] and appellant was

1. Section 6-3-301(a), W.S.1977, provides:

"A person is guilty of burglary if, without authority, he enters or remains in a building,

assigned the services of a state public defender. On July 13, 1984, an order was entered which transferred appellant to the Wyoming State Hospital for evaluation to determine if he was mentally fit to stand trial.

Early in November of 1984, appellant requested that he be allowed to represent himself independent from his appointed counsel. An information was filed, and on November 19, 1984, appellant was arraigned and he pleaded "not guilty, not tr[i]able by reason of mental deficiency or illness, and not guilty by reason [of] mental deficiency or illness." An order was entered setting a motion deadline for appellant of December 21, 1984, with the State having until January 18, 1985, to respond; setting a hearing on all motions for May 10, 1985; and setting the trial for June 17, 1985. Apparently, appellant was then released on bond. Appellant's appointed counsel filed numerous motions on December 19, 1984, including a motion for a hearing on appellant's competence.

On February 7, 1985, an order was entered revoking appellant's bond because he was suspected of personally threatening his court-appointed counsel and burglarizing that counsel's office. The next day, a competency hearing was held, and appellant asserted that he should be allowed to represent himself because a conflict of interest existed between his court-appointed counsel and himself. Finding a conflict of interest did exist, the trial court immediately continued the competency hearing until February 28, 1985, and removed the court-appointed counsel from appellant's case. Following the competency hearing on February 28, 1985, when appellant was represented by different appointed counsel, the trial court entered an order finding appellant competent to aid in his own defense and allowing him to represent himself with

standby counsel. From that time on, appellant represented himself pro se with the assistance of standby counsel.

On March 27, 1985, a bond hearing was conducted, appellant's bond was reinstated, and appellant was again released from custody. On May 13, 1985, appellant signed a waiver of his right to counsel. After numerous lengthy motions were filed by appellant, a pretrial conference was conducted on June 28, 1985. During that conference, appellant argued many motions, and his trial was set for August 5, 1985. On July 22, 1985, the trial court entered an order denying the motions made by appellant, granting appellant's motion in limine which had been filed by his first appointed counsel, and reducing appellant's bond from $5,000 to $2,500.

On August 5, 1985, a bench warrant was issued and appellant's bond was revoked because he did not appear for his trial. Sometime later, appellant was apprehended in Douglas, Wyoming, and a second jury trial was set for May 8, 1986. Following that trial, appellant was found guilty of one count of burglary and sentenced to a period of not less than nine years, 11 months, and 29 days nor more than ten years in the Wyoming State Penitentiary. The judgment and sentence also specified that appellant's sentence would be served consecutively to any other sentence which might be imposed upon appellant at any time thereafter.

## RIGHT TO SELF–REPRESENTATION

Appellant contends that he was denied his right to represent himself as provided in the Sixth Amendment to the United States Constitution and Art. 1, § 10 of the Wyoming Constitution.[2] In support of this argument, he states that he was not timely given the right to proceed pro se; that,

occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein."

**2.** The Sixth Amendment to the United States Constitution provides in applicable part:
"In all criminal prosecutions, the accused shall enjoy the right to * * * have the Assistance of Counsel for his defence."

Article 1, § 10 of the Wyoming Constitution states in pertinent part:
"In all criminal prosecutions the accused shall have the right to defend in person and by counsel * * *."

even though his first appointed counsel had a conflict of interest in his case, that counsel was not timely removed by the trial court; and that his right to represent himself was abrogated by the trial court's refusal to grant him a continuance. Appellant also asserts that the prosecution was guilty of an abuse of process in arguing to the jury that appellant should be punished for representing himself and that the conflict of interest of his first appointed counsel, together with that counsel's pursuit of an insanity defense on appellant's behalf, resulted in ineffective assistance of counsel. He further states that the second appointed counsel, as standby counsel, interfered with his own presentation of his case.

 In *Osborn v. State*, Wyo., 672 P.2d 777, 797 (1983), *cert. denied* 465 U.S. 1051, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984), citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), we stated that,

> "while an accused has the right to counsel, he has an independent constitutional right of self representation. He may defend himself without counsel when he voluntarily and *intelligently* elects to do so; it is error to force him against his will to accept a state public defender and deny his request to conduct his own defense." (Emphasis added.)

We also recognize that protective restrictions are imposed on the exercise of the right of self-representation because it involves a waiver of the fundamental right to counsel. *Williams v. State*, Wyo., 655 P.2d 273 (1982); *Faretta v. California*, supra. Inherent in these protective restrictions is the fact that a court must assure itself that the defendant is competent to waive counsel. Id. See also Commentary, ABA Standards for Criminal Justice, Standard 6–3.6 at 6.39–40 (2d ed. 1982).

 Although in early November 1984 appellant requested that he be allowed to represent himself, his competence to waive his right to counsel or to stand trial was not established until a competency hearing was conducted on February 28, 1985. Once it was determined that appellant was competent to stand trial and to waive his right to counsel, he immediately was allowed to represent himself with the assistance of standby counsel. Given these circumstances, we hold that appellant timely received the right to proceed pro se.

Next appellant asserts that, once the trial court was aware of the conflict of interest in his case, it did not timely remove the first appointed counsel. This contention is without merit. The record clearly shows that appellant's first appointed counsel was removed at the hearing when the trial court ascertained there was a conflict of interest between appellant and his counsel. The trial court acted properly and in a timely manner when it dismissed appellant's appointed counsel.

 Appellant further asserts that his first appointed counsel's conflict of interest, together with that counsel's pursuit of an insanity defense on appellant's behalf, resulted in ineffective assistance of counsel. In *Frias v. State*, Wyo., 722 P.2d 135, 145 (1986), we stated:

> "The standard by which we determine whether assistance of counsel is effective is one of reasonableness. That is, we must determine whether, in light of all the circumstances, trial counsel's acts or omissions were outside the wide range of professionally competent assistance. Under this standard, appellant must demonstrate
>
> '* * * first * * * that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed [appellant] by the Sixth Amendment. Second, [appellant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive [appellant] of a fair trial, a trial whose result is reliable.'" Quoting from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, reh. denied 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984) (citations omitted).

Appellant fails to show that his counsel's performance was deficient or that the deficient performance prejudiced his defense. Because appellant did not meet his burden of proof in showing that either of these requisites occurred, we hold that his argument of ineffective assistance of counsel is baseless.

Appellant also asserts that his right to represent himself was abrogated by the trial court's refusal to grant him a continuance. In *Gentry v. State*, Wyo., 724 P.2d 450, 451 (1986), we stated:

"This Court has consistently held that the granting of a motion for continuance is within the discretion of the trial court. The standard for review, therefore, is limited to determining whether the trial court abused its discretion by denying the continuance. Our definition of abuse of discretion, as articulated in *Martinez v. State*, Wyo., 611 P.2d 831 (1980), is well established. We also recognize that review of a court's discretionary ruling on a continuance motion is highly dependent upon individual facts and circumstances. The party who is attacking the court's ruling bears the burden of establishing the abuse of discretion. Appellant must show that the trial court's error affected his substantial rights." (Citations omitted.)

We have further noted that these general rules also apply to those instances in which a defendant chooses to represent himself. *Irvin v. State*, Wyo., 584 P.2d 1068 (1978).

■ In this case, the trial court originally ordered that the pretrial conference be set for May 10, 1985, and that the trial would occur on June 17, 1985. Thereafter, appellant's first appointed counsel was removed, and appellant was allowed to represent himself with the assistance of standby counsel. At a hearing on March 27, 1985, appellant requested a continuance of 47 days, which the trial court granted, resetting the pretrial conference for June 28, 1985, and the trial for August 5, 1985. At the pretrial conference, appellant requested another continuance premised on his need to research disciplinary rules relating to his previous counsel, to possible prejudicial comments by the judge and others which might effect a possible change of venue, and to numerous other motions. He also stated that he needed more time so that he could earn more money for litigation. The trial court, noting that the prosecution had been totally cooperative in providing discovery, that a continuance already had been allowed, and that appellant had not shown that he would be prejudiced by the refusal of the continuance, denied the motion. Although the continuance was not granted by the trial court, appellant caused the trial to be continued until May of 1986 by failing to be present for the trial which was scheduled for August 5, 1985. We cannot say that the trial court abused its discretion in denying a second continuance.

■ Appellant complains that his second appointed standby counsel interfered with his own presentation of his case. As a basis for this contention, he refers this Court to a letter he received from standby counsel which advised him that his motion for a new trial was improper because it was made before the trial had been held. He also claims that the appointment of standby counsel was a denial of his right to proceed pro se.

In *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122, reh. denied 465 U.S. 1112, 104 S.Ct. 1620, 80 L.Ed.2d 148 (1984), the United States Supreme Court stated that a defendant's right to appear pro se does not include an absolute prohibition against standby counsel. Rather, the court stated that a pro se defendant is entitled to preserve actual control over his case and that it is only when, over a defendant's objection, standby counsel's participation effectively interferes with any significant decisions or matters of importance that such a right is eroded. The McKaskle court further enunciated that this right is not infringed upon when standby counsel assists a pro se defendant in overcoming routine procedural obstacles in the completion of a specific task or when counsel merely helps to ensure a defendant's compliance with basic rules of courtroom protocol and procedure.

Counsel's involvement as standby counsel was irreproachable. None of his actions interfered with appellant's actual control over his defense or undermined appellant's appearance before the jury in his status as a pro se defendant.

■ Appellant also asserts that the prosecution was guilty of an abuse of process in arguing to the jury that appellant should be punished for representing himself. In support of this argument, appellant quotes two sentences from the prosecution's closing argument:

"Mr. Roose made the choice to represent himself. He made the choice to burglarize the post office, and it's now your choice to decide if you're going to hold him responsible for those actions."

Taking the prosecution's argument in context, it is clear that there was no attempt to argue that appellant should be punished for exercising his right to self-representation. The prosecution was merely pointing out that appellant chose to burglarize the post office of his own free will and accord. Even taking the prosecution's remarks out of context, we cannot say that appellant was unduly prejudiced by them or that the remarks can be classified as harmful error.

We hold that appellant was properly given his right to represent himself in all respects.

## SENTENCING

■ Appellant asserts that the trial court erred when it refused to give him probation, when it sentenced him to be imprisoned for the maximum sentence available, and when it provided in its sentence that the term imposed upon appellant would be served consecutively to any other sentence which might be imposed upon him in the future. In *Shepard v. State*, Wyo., 720 P.2d 904 (1986), we stated our long standing rule of law that this Court will review sentences for an abuse of discretion by the trial court. In determining whether there has been an abuse of discretion, each case must stand on its own peculiar facts,

and the ultimate question is whether or not the court could reasonably conclude as it did. Id. In *Mower v. State*, Wyo., 750 P.2d 679 (1988), we further stated that the imposition of probation lies within the sound discretion of the trial court, and we will not reverse the actions of that court unless there is a clear abuse of discretion.

■ The judgment and sentence and an order supplementing the record in this case state that the trial court considered probation in its sentencing. The trial court gives no rationale as to why probation was not granted in this instance; however, we cannot say that the trial court abused its discretion. The record clearly shows that appellant's crime was premeditated, that it was of a substantially serious nature, that appellant lacked an understanding of the gravity of his acts, and that he had a propensity to leave the jurisdiction on a whim. Although appellant contends that, as a first time felon, he should have received probation, we note that the granting of probation is an act of grace and clemency and that the only right which an applicant for probation possesses is to have probation considered by the court. *Wright v. State*, Wyo., 670 P.2d 1090 (1983), reh. denied 707 P.2d 153 (1985); *Sanchez v. State*, Wyo., 592 P.2d 1130 (1979). In this case, the trial court properly reviewed the possibility of probation and concluded that it was not appropriate in this instance.

■ Appellant also asserts that the trial court abused its discretion when it imposed his sentence. Recently in *Duffy v. State*, Wyo., 730 P.2d 754 (1986), and *Brown v. State*, Wyo., 736 P.2d 1110 (1987), we stated that this Court will not set aside a sentence which is within the legislatively mandated minimum and maximum terms in the absence of a demonstration of a clear abuse of discretion. Section 6-3-301(b), W.S.1977,[3] specifically provided that the crime for which appellant was convicted was "punishable by imprisonment for not more than ten (10) years, a fine of not more than fourteen thousand dollars ($14,000.00), or both." Therefore, it

---

**3.** Section 6-3-301(b), W.S.1977, was amended effective May 23, 1985.

is clear that the sentence imposed in this case was within the legislatively proscribed limits. We cannot say that the trial court abused its discretion in imposing upon appellant the maximum imprisonment sentence.

 Finally, appellant claims the trial court abused its discretion when it provided that appellant's sentence would be served consecutively with any sentence which might be imposed upon him in the future. The State concedes that this provision of the judgment and sentence was in error. We agree. If part of a divisible sentence is illegal or improper, this Court may modify it by vacating, striking, or omitting that part which is illegal and improper and affirm the balance. *Barnes v. State,* Wyo., 670 P.2d 302 (1983); *Sorenson v. State,* Wyo., 604 P.2d 1031 (1979). We hold that the provision of the judgment and sentence providing "[t]hat the above sentence is and shall be consecutive to any other sentence that may be imposed upon the defendant at any time hereafter" is void and that the remainder of appellant's sentence is proper.

Affirmed in part and reversed in part in compliance with this opinion.

URBIGKIT, J., files a specially concurring opinion.

URBIGKIT, Justice, specially concurring.

I concur, except to express continued disapproval of the *Duffy* sentence as constitutionally impermissible. *Duffy v. State,* Wyo., 730 P.2d 754, 761 (1986), Urbigkit, J., dissenting. Fortunately, the legislature has since corrected these concerns by appropriate enactment of the present § 7–13–201, W.S.1977 (Ch. 157, S.L. of Wyoming 1987), which prohibits the *Duffy* sentence for the more recent cases. Except for my deep-seated objection to the *Duffy* sentence, the relevance in this case presents rational questions since this defendant was convicted of six felonies for offenses committed while he was out on bond and awaiting trial on this case, and then for that sequence only receiving concurrent sentences for the six offenses although consecutive to the sentence in this case. Instead of the eight-to-ten-year sentence which he received for those subsequent felonies in the second series of offenses, he could have received a maximum sentence in the consecutive total of 120 years. Under the circumstances of these later offenses involving a course of criminal action while out on bond awaiting trial on this first very serious criminal offense, the total sentences given for all offenses of 17 years, 11 months, 29 days, to 20 years is not unconstitutionally punitive or philosophically unjustified. Hopefully, however, we have now exhausted the occurrences of any more of the pre-statutory-change *Duffy* sentences.