2011 WY 107

**Christopher Charles FREEMAN, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

No. S–11–0056.

Supreme Court of Wyoming.

July 12, 2011.

ORDER REVERSING ORDER DENYING CREDIT FOR TIME SERVED

[¶ 1]  **This matter** came before the Court upon its own motion following a review of cases assigned to the expedited docket.  In the captioned case, Christopher Charles Freeman challenges the district court's order "Order Granting, In Part, and Denying, In Part, Motion to Correct Illegal Sentence." This Court finds that the order should be reversed, in part, and that this matter should be remanded to the district court with instruction to award Mr. Freeman 158 days of credit for time served.

[¶ 2]  In 2008, Mr. Freeman pled guilty to one count of felony domestic battery.  The district court imposed a sentence of two to four years, which was suspended in favor of three years of supervised probation.  As a condition of probation, Mr. Freeman was required to complete a residential treatment program at a community corrections facility.  Mr. Freeman reported to the facility on September 2, 2008, and was discharged on February 6, 2009.  After that 158 days, he was discharged to complete his probation.

[¶ 3]  Mr. Freeman's probation was revoked in May of 2010.  The district court imposed the underlying sentence, but Mr. Freeman was not credited with the 158 days he spent in the community corrections facility.

[¶ 4]  The present action began in November of 2010, when Mr. Freeman filed a motion to correct illegal sentence.  Among other things, Mr. Freeman sought credit for the 158 days he spent in the community corrections facility.  On November 18, 2010, the district court entered its "Order Granting, In Part, and Denying, In Part, Motion to Correct Illegal Sentence."  In that order, the district court denied Mr. Freeman's request for credit for 158 days spent in the community corrections facility.

[¶ 5]  In the captioned matter, the State of Wyoming has filed a "Brief of Respondent Recognizing Error."  The State recognizes that Mr. Freeman is entitled to credit for time served in the community corrections facility.  After a review of the parties' briefs and the relevant case law, this Court agrees with the State that Mr. Freeman is entitled to credit.  See *Barnes v. State*, 670 P.2d 302, 304 (Wyo.1983).  We commend the State of Wyoming for concluding that it was appropriate to recognize error.  This Court agrees with the parties that the present matter is indistinguishable from *Baker v. State*, 2011 WY 53, ¶¶ 9–10, 248 P.3d 640, 642–43 (Wyo. 2011).  There, this Court wrote that it is "well-established that a person residing in a community correctional program is in official detention, and that time spent in a community corrections facility must be counted against a sentence that is imposed upon violation of the terms of probation." *Id.* at ¶ 9. While the State concedes that Mr. Freeman is entitled to 157 days of credit, this Court calculates the number at 158 days.  It is, therefore,

[¶ 6]  **ORDERED** that the district court's November 18, 2010 "Order Granting, In Part, and Denying, In Part, Motion to Correct Illegal Sentence," be, and hereby is, reversed in part;  and it is further

[¶ 7]  **ORDERED** that this matter is remanded to the district court for that court to award Mr. Freeman 158 days of credit for time served.

[¶ 8]  **DATED** this 12th day of July, 2011.

BY THE COURT:

/s/ Marliyn S. Kite
Chief Justice