Curtis LONGSTRETH, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–257.

Supreme Court of Wyoming.

Feb. 6, 1995.

Leonard D. Munker, State Public Defender; Deborah Cornia, Appellate Counsel; and Joseph P. Fonfara, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., and Mary Beth Wolff, Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, and TAYLOR, JJ., and KALOKATHIS, District Judge.

TAYLOR, Justice.

This appeal questions whether double jeopardy protections afforded by the Wyoming and United States constitutions bar judgment and sentence for the crime of felony property destruction following appellate reversal of a conviction for the crime of burglary with intent to commit arson arising from the same incident. Finding no exposure to double jeopardy, we affirm.

## I. ISSUES

Appellant states the following issues:

### 1.

Whether this Court can consider an appeal of conviction on entry of a nolo contendere plea when double jeopardy issues are raised.

### 2.

Whether Curtis Longstreth has been twice placed in jeopardy contrary to the Wyoming and United States constitutions when he is subsequently charged with two counts of destruction of property after being acquitted on two counts of burglary arising from the same event or transaction.

Appellee restates the issue:

Whether charging appellant with property destruction following reversal of his conviction for burglary violates principles of double jeopardy?

## II. FACTS

In the early morning hours of March 8, 1990, fires occurred in two uninhabited residential buildings in Evanston, Wyoming. The fires were within two city blocks of one another. One building located on Sage Street was destroyed and another building located on 12th Street was damaged. Curtis Longstreth (Longstreth) was arrested and charged with two counts of felony third-degree arson. The third-degree arson charges were subsequently dropped and Longstreth was charged with two counts of burglary. After a bench trial, the district court found Longstreth guilty of burglary with intent to commit third-degree arson for the Sage Street fire and not guilty of burglary with intent to commit third-degree arson for the 12th Street fire. Longstreth was sentenced to a term of seven to ten years in the Wyoming State Penitentiary. An appeal followed.

On May 27, 1992, this court reversed Longstreth's conviction, holding that no evidence was offered to prove the unlawful entry element to the burglary conviction. *Longstreth v. State*, 832 P.2d 560, 561 (Wyo. 1992) (*Longstreth I*). Upon his release from prison, Longstreth was again arrested and charged with two counts of felony property destruction stemming from the same March 1990 fires.

After filing various unsuccessful motions to dismiss, including some based on double jeopardy grounds, Longstreth entered a plea of nolo contendere to one count of felony property destruction involving the Sage Street fire. The district court accepted Longstreth's plea and sentenced him to incarceration in the Wyoming State Penitentiary for a period of not less than three and one-half years nor more than ten years. The penitentiary sentence was suspended for a six year period of supervised probation. The district court dismissed with prejudice the second count of felony property destruction involving the 12th Street fire.

It is from this judgment and sentence that Longstreth appeals.

## III. DISCUSSION

Longstreth identifies both procedural and substantive issues arising from the entry of his nolo contendere plea. The procedural issue questions the appealability of a double jeopardy claim when a defendant has entered

a nolo contendere or guilty plea. While current authorities are in disagreement as to what issues are appealable following a nolo contendere plea (see, e.g., United States v. Broce, 488 U.S. 563, 576, 109 S.Ct. 757, 766, 102 L.Ed.2d 927 (1989) and its progeny), this issue is material only if Longstreth presents a viable substantive challenge.

Longstreth's substantive challenge deals with the 1992 felony property destruction charges against him which arose from the same incident as the prior 1990 charges. Longstreth argues that by charging him with felony property destruction following this court's reversal on his original conviction for burglary, the State violated his double jeopardy protection under the United States and Wyoming constitutions.

█ The protection against retrial under certain circumstances is barred by both the United States and Wyoming constitutions. The Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), guarantees that no "person be subject for the same offense to be twice put in jeopardy of life or limb * * *." U.S. Const. amend V.

Wyo.Const. art. 1, § 11 states:

No person shall be compelled to testify against himself in any criminal case, nor shall any person be twice put in jeopardy for the same offense. If a jury disagree, or if the judgment be arrested after a verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy.

Although the federal and Wyoming double jeopardy clauses " 'are dissimilar in language, they have the same meaning and are coextensive in application.' " Amrein v. State, 836 P.2d 862, 864 (Wyo.1992) (quoting Vigil v. State, 563 P.2d 1344, 1350 (Wyo. 1977)).

Double jeopardy provisions are frequently divided into three separate protections: protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the same offense. State v. Keffer, 860 P.2d 1118, 1129 (Wyo.1993) (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), overruled on other grounds sub nom. Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)). There is but one overriding theory of double jeopardy, however, and that is " 'a person need run the gantlet only once.' " Keffer, 860 P.2d at 1129 (quoting Pearce, 395 U.S. at 727, 89 S.Ct. at 2089, Douglas, J., concurring).

Double jeopardy provisions have generated long debate over the proper way to analyze and apply the protection promised. See, e.g., Harvey v. State, 835 P.2d 1074, 1077–79 (Wyo.), cert. denied, —— U.S. ——, 113 S.Ct. 661, 121 L.Ed.2d 586 (1992) and Phillips v. State, 835 P.2d 1062, 1066–68 (Wyo.1992). In Keffer, 860 P.2d at 1131, this court adopted the "Blockburger test" or "statutory elements test" "as the foundation for double jeopardy protection in connection with both multiple prosecutions and multiple or cumulative punishments."

█ The statutory elements test originated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The Blockburger test, as most recently interpreted by this court, directs:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

Keffer, 860 P.2d at 1130 (quoting Blockburger, 284 U.S. at 304, 52 S.Ct. at 182).

█ Longstreth correctly argues that jeopardy attached when his conviction for burglary was reversed due to the State's failure to prove the unlawful entry element of the crime charged. Edwards v. State, 815 P.2d 670, 672 (Okla.Crim.App.1991) (quoting Burks v. United States, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978)) (jeopardy attaches when a conviction is overturned due to insufficiency of the evidence).

However, before Longstreth can assert a double jeopardy claim here, he must show that the felony property destruction offenses charged in 1992 are not separate offenses under the *Blockburger* test. *Keffer*, 860 P.2d at 1130.

Our analysis of Longstreth's substantive claim requires a review of the burglary and felony property destruction statutes and is limited to whether the two statutes involved the same offense. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. Longstreth was first charged with and convicted of burglary with intent to commit arson under Wyo.Stat. § 6–3–301 (1988), which reads, in pertinent part:

(a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein.

*Longstreth I*, 832 P.2d at 561.

After Longstreth's conviction was reversed, the State charged him with felony property destruction under Wyo.Stat. § 6–3–201 (1988), which states, in pertinent part:

(a) A person is guilty of property destruction and defacement if he knowingly defaces, injures or destroys property of another without the owner's consent.

(b) Property destruction and defacement is:

\* \* \* \* \* \*

(iii) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the cost of restoring injured property or the value of the property if destroyed is five hundred dollars ($500.00) or more.

■ The indictment under the 1990 burglary charge required the State to prove that Longstreth entered the buildings on Sage Street and 12th Street without authority and with intent to commit larceny or a felony therein. Wyo.Stat. § 6–3–301(a). The 1992 felony property destruction charges required proof that Longstreth knowingly defaced, injured or destroyed the 12th Street and Sage Street properties without the owners' consent, and that the value of the property

destroyed or the cost of repair was over $500.00. Wyo.Stat. § 6–3–201(a) and (b)(iii). Burglary requires unauthorized entry of a building or vehicle; property destruction does not. Property destruction requires unauthorized destruction or injury to property; burglary does not. Even though both violations arose from the same incident, each has an element not found in the other.

■ Additionally, there are separate penalty provisions provided for each offense. The penalty provision for burglary is found in Wyo.Stat. § 6–3–301(b). The penalty provision for property destruction is found in Wyo.Stat. § 6–3–201(b)(iii). This court has said that defining the offenses in different statutes with separate penalties creates a presumption that the legislature intended separate punishments under each statute. *Duffy v. State*, 789 P.2d 821, 826 (Wyo.1990). Burglary and property destruction are defined by different statutes with different elements and provide separate penalties and, therefore, constitute two separate offenses. We hold that a viable substantive challenge has not been presented.

Longstreth also raises the related double jeopardy issue of collateral estoppel. Longstreth argues that a second trial gave the prosecution an opportunity to supply evidence it failed to muster in the first proceeding. *Burks*, 437 U.S. at 11, 98 S.Ct. at 2147.

■ The doctrine of collateral estoppel prohibits re-litigation of an issue in any future lawsuit involving the same parties when an issue of ultimate fact has once been determined by a valid and final judgment. *Eatherton v. State*, 810 P.2d 93, 96 (Wyo.1991) (*citing Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)). When the doctrine of collateral estoppel is applied in criminal law, it is ancillary to the double jeopardy protection afforded by the Fifth and Fourteenth Amendments. *Ashe*, 397 U.S. at 445–46, 90 S.Ct. at 1195.

Longstreth's collateral estoppel argument centers on this court's findings in *Longstreth I* that the evidence presented was not sufficient to prove Longstreth entered the building on Sage Street "without authority."

*Longstreth I,* 832 P.2d at 566. Had there been a second trial following the felony property destruction charges, the State would have had to prove that Longstreth destroyed property without the owners' consent. Wyo. Stat. § 6–3–201(a).

■ Longstreth maintains that the "without authority" element of burglary and the "without owner's consent" element of property destruction both relate to the same evidentiary fact. The terms "without authority" and "without owner's consent" are nearly synonymous. *Longstreth I,* 832 P.2d at 564. However, the distinguishable required evidentiary factors are ***entering a building without authority*** and ***destruction of property without the owner's consent.*** These two factors do not depend on the same issue of ultimate fact. The latter can be proven without re-litigating the question of whether Longstreth was authorized to enter either building. *Eatherton,* 810 P.2d at 99.

Longstreth has failed to present viable substantive challenges on the basis of double jeopardy or collateral estoppel; therefore, we need not address the procedural issue of whether Longstreth waived his double jeopardy protection by pleading nolo contendere.

## IV. CONCLUSION

The judgment and sentence of the district court is affirmed.