2004 WY 20

**Michael W. SARR, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 02–17.

Supreme Court of Wyoming.

March 10, 2004.

Representing Appellant: Kenneth M. Koski, State Public Defender, PDP; Donna D. Domonkos, Appellate Counsel; and Ryan R. Roden, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Daniel M. Fetsco, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, JJ; and KALOKATHIS, D.J.

KITE, Justice.

[¶ 1]   Following publication of this Court's original opinion in *Sarr v. State*, 2003 WY 42, 65 P.3d 711 (Wyo.2003), Appellant Michael Sarr filed a Petition for Rehearing, asserting that the Court erred by remanding for a new trial on Count III. He claims that because his conviction on that count was reversed for insufficiency of the evidence, allowing a second trial on that count would violate the constitutional prohibitions against double jeopardy.   We granted the petition for rehearing.   However, we decline to alter our previous holding that Mr. Sarr may be retried on Count III as clarified below.

### ISSUES

[¶ 2]   The Appellant states the issue for rehearing as follows:

Whether Wyoming and United States Supreme Court law provide that jeopardy attaches when a conviction is overturned due to insufficiency of the evidence[?]

[¶ 3]   The State phrases the rehearing issue as:

Does retrial of an appellant after a reversal based upon the incorrect receipt of evidence place him twice in jeopardy under the Wyoming and United States constitutions?

### FACTS

[¶ 4]   The underlying facts of this case are set out in the original opinion and will not, therefore, be recited here.   *Sarr*, ¶¶ 3–11. Upon rehearing, the only relevant facts pertain to the aggravated assault and battery charge set out in Count III. In that count, the state alleged that on May 6, 2000, Mr. Sarr beat the victim, Ann Wing, with a "coup stick" across her back resulting in serious bodily injury.   *Sarr*, ¶ 6. Serious bodily injury means "bodily injury which creates a substantial risk of death or which causes miscarriage, severe disfigurement or protracted loss or impairment of the function of any bodily member or organ." Wyo. Stat. Ann. § 6–1–104(a)(x) (LexisNexis 2003).

[¶ 5]   Ms. Wing died in an unrelated accident prior to the trial. *Sarr*, ¶ 7. In lieu of Ms. Wing's live testimony, the state presented a tape-recorded hearsay statement in which she described the beatings she received at Mr. Sarr's hands.   *Id.* With regard to Count III, she stated the beating with the "coup stick" was so harsh that she required surgery and "prior to surgery, an MRI was taken of her back, and it showed that her vertebrae had been chipped and splintered by the coup stick." *Id.* at ¶ 16.   In its original opinion, this Court held that portion of the victim's hearsay statement should not have been admitted under Wyoming Rule of Evidence 804(b)(6) because the state failed to demonstrate those statements were more probative than any other evidence obtainable by reasonable efforts, noting that "medical records or expert testimony would be more probative than Ms. Wing's recollection as to her back injuries." *Sarr*, ¶ 16.   Without that proof, we held "proof of serious bodily injury is wanting as to Count III" and reversed Mr. Sarr's conviction on that count.   *Id.* at ¶ 38.

### DISCUSSION

[¶ 6]   Mr. Sarr argues that there was insufficient evidence to prove the "serious

bodily injury" element of Count III. He concludes, therefore, that the double jeopardy protections of the United States and Wyoming constitutions preclude a second trial on Count III.

[¶ 7] Defendants are protected against twice being put in jeopardy for the same offense by the Fifth Amendment to the United States Constitution and article I, § 11 of the Wyoming Constitution. *Longstreth v. State,* 890 P.2d 551, 553 (Wyo.1995). In *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the United States Supreme Court held a district court's determination that there was insufficient evidence to support an element of the charged offense amounts to a judgment of acquittal. Under those circumstances, "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Id.*

[¶ 8] A reversal on the basis of a trial error is, however, different than a reversal based solely upon the insufficiency of the trial evidence. *Id.* at 14–16, 98 S.Ct. 2141; *Lockhart v. Nelson,* 488 U.S. 33, 39–40, 109 S.Ct. 285, 102 L.Ed.2d 265, (1988). Count III was reversed because the trial court erroneously admitted the victim's hearsay testimony regarding medical conclusions. The double jeopardy clause does not prohibit a retrial when a review of all of the evidence presented at trial, including the improperly admitted evidence, is sufficient to sustain a conviction. *Lockhart,* 488 U.S. at 40, 109 S.Ct. 285.

[¶ 9] Mr. Sarr argues that this Court decided, in the original opinion, that, even taking into account the inadmissible hearsay evidence, there was insufficient evidence to sustain a conviction on Count III. He contends that our decision, therefore, amounts to a judgment of acquittal, foreclosing a second trial on the same count. Mr. Sarr relies on *Longstreth v. State,* 832 P.2d 560 (Wyo.1992) and *Longstreth,* 890 P.2d at 553 to support his position.

[¶ 10] It is true that we stated in the original opinion that evidence such as medical reports and physician testimony would have been more probative on the "serious bodily injury" element of the charge than the victim's hearsay testimony about her injuries. *Sarr,* ¶ 16. We also stated that "[b]ecause we have determined that Ms. Wing's statement regarding her spinal injury and MRI results was not admissible under W.R.E. 804(b)(6), proof of serious bodily injury was wanting as to Count III." *Id.* at ¶ 38. We did not, however, find that, even with the improperly admitted testimony, the evidence was insufficient to support a conviction.

[¶ 11] Taking into account all of the evidence presented at trial, including the erroneously admitted evidence, we cannot say that the evidence was legally insufficient to support a conviction. Indeed, as recognized by the United States Supreme Court in the *Burks* case, appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure to prove the elements of a charged offense is clear. *Burks,* 437 U.S. at 17, 98 S.Ct. 2141.

[¶ 12] The *Longstreth* decisions do not aid Mr. Sarr's position. In the first *Longstreth* case, this Court held that the evidence offered to prove the unlawful entry element of the burglary charge was insufficient. *Longstreth,* 832 P.2d at 564. The only evidence pertaining to that element was the hearsay statement of a police officer which was received into evidence at trial "not for the truth of the matter asserted but only for 'the officer's understanding.'" *Id.* at 562. The effect of the limited admission was "that **no** evidence was offered to prove the unlawful entry element." *Id. at* 563 (emphasis added). Consequently, the Court's reversal of Longstreth's burglary conviction was based upon a clear insufficiency of the evidence, and the prosecution was prohibited from retrying him on that charge. *Longstreth,* 890 P.2d at 552–54. The *Longstreth* cases are, therefore, distinguishable because, in the case at bar, there was evidence (albeit inadmissible evidence) presented to establish the serious bodily injury element of the crime. Under these circumstances, Mr. Sarr will not be subjected to double jeopardy by a second trial on Count III.

## CONCLUSION

[¶ 13]   We affirm our prior decision and Count III of the judgment of conviction is reversed and remanded.