2005 WY 67

**Michael W. SARR, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 02–17.**

Supreme Court of Wyoming.

June 13, 2005.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Ryan R. Roden, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Daniel M. Fetsco, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, and BURKE, JJ., and SANDERSON, D.J.

HILL, Chief Justice.

[¶ 1] Appellant, Michael W. Sarr (Sarr), appears before this Court for the third time, upon further proceedings called for by the U.S. Supreme Court's decision in *Sarr v. Wyoming*, —— U.S. ——, 125 S.Ct. 297, 160 L.Ed.2d 1 (2004). He contends that his convictions were obtained in violation of the Confrontation Clause of the United States Constitution, that he may not be retried where a conviction is reversed because of the insufficiency of the evidence, and that the

district court's restitution order must be reversed. In accordance with the Memorandum Decision of the United States Supreme Court and its mandate, we too vacate the judgment and sentence of the district court. Thus, we reverse Sarr's convictions on Counts I, V, and VI of the complaint and remand those matters for new trial. We previously reversed Count III and remanded it for new trial. Because the district court's judgment has been vacated and because we remand all remaining counts for new trial, we must also vacate the district court's sentence, including the restitution order, for reconsideration in light of any additional proceedings.

## ISSUES

[¶ 2] Sarr provides this statement of the issues:

I. Whether [Sarr's] rights under the Confrontation Clause to the Sixth Amendment were violated when prejudicial, testimonial tape-recorded hearsay of the unavailable victim was admitted at trial, requiring reversal of all of [Sarr's] convictions.

II. Whether jeopardy attaches to the reversal of [Sarr's] conviction for Count IV, prohibiting the State from retrying [Sarr] on that count.[1]

III. Whether the district court's order requiring [Sarr] to pay restitution is erroneous and requires reversal.

The State proposes the issues to be decided in this form:

I. Was introduction of the testimonial hearsay of the unavailable victim harmless error as to Count I?

II. Would retrial of [Sarr] on all remaining counts place him twice in jeopardy under the Wyoming and United States Constitutions?

III. Should [Sarr] be required to pay restitution on Count I and, upon retrial, any restitution attributable to Counts III, V, and VI?

## FACTS AND PROCEEDINGS

[¶ 3] In February of 2001, Sarr was charged with seven counts of aggravated assault and battery. Those charges arose from acts of domestic violence committed by Sarr against Ann Wing. Throughout this opinion, as was the case with our prior opinions, we will differentiate between the seven counts by referring to them as Counts I, II, III, IV, V, VI and VII. In *Sarr v. State*, 2003 WY 42, 65 P.3d 711 (Wyo.2003) (*Sarr I*) we set out the facts pertinent to this case. *Sarr I*, ¶¶ 3–11. Of central significance to this protracted litigation was the fact that Ann Wing drowned in her bathtub shortly after she gave a statement to the police concerning the acts of assault. Those statements incriminated Sarr with respect to all counts for which he was convicted. It is the admission of her statements, both in tape recorded form and as related to the jury by those who heard her give the statements, that implicate the Confrontation Clause here.

[¶ 4] After trial, Sarr was found guilty of Counts I and III–VI, but was found not guilty with respect to Count VII, thus that count is no longer at issue. *Sarr I*, ¶ 11. Count II was dismissed for reasons not evident of record, and thus it too is no longer at issue. In that same opinion we reversed the conviction for Count IV because of insufficient evidence and held that it could not be retried for reasons of double jeopardy, thus Count IV is also no longer at issue. We also reversed Count III, but remanded it for new trial. We affirmed the convictions for Counts I, V, and VI. *Id.* at ¶ 47. Upon his motion, we granted a rehearing to Sarr, and in that opinion clarified our reasoning as to why Sarr could be retried on Count III. The case was then remanded to the district court for those purposes. *Sarr I; Sarr v. State*, 2004 WY 20, 85 P.3d 439 (Wyo.2004) (*Sarr II*).

[¶ 5] On June 8, 2004, Sarr filed a Petition for Writ of Certiorari in the U.S. Supreme Court. In a memorandum decision entered on October 4, 2004, that court granted the petition and vacated the judgment of

---

1. In our original opinion we held that Count IV could not be retried. The status of that count remains the same and the State, for good reason, does not contend that Count IV may be retried. Thus, this issue need not be addressed.

the Wyoming court. The U.S. Supreme Court's decision also remanded Sarr's case to this Court for us to further consider it in light of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *Sarr*, —— U.S. ——, 125 S.Ct. 297. Boiled down to its essence, the *Crawford* case stands for this proposition:

> Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law-as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. We leave for another day any effort to spell out a comprehensive definition of "testimonial." Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a formal trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed.
>
> In this case, the State admitted Sylvia's testimonial statement against petitioner, despite the fact that he had no opportunity to cross-examine her. That alone is sufficient to make out a violation of the Sixth Amendment. *Roberts* notwithstanding, we decline to mine the record in search of indicia of reliability. Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation. [Footnote omitted.]

*Crawford*, 124 S.Ct. at 1374 (*Crawford* also reversed that court's decision in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). In the interim, we have embraced the rule articulated in *Crawford*, although we also held that such errors are subject to a harmless error analysis under the standard applicable to errors of constitutional magnitude. *Vigil v. State*, 2004 WY 110, ¶¶ 18–26, 98 P.3d 172, ¶¶ 18–26 (Wyo. 2004).

[¶ 6] It is agreed by the parties that the evidence at issue here was testimonial, and that it was admitted as substantive evidence to support Sarr's convictions as to all remaining counts, and with respect to Counts III, V, and VI, it was the only evidence of Sarr's guilt. Thus, *Crawford* mandates that all of Sarr's convictions be reversed, unless the admission of that evidence is deemed harmless. It is only with respect to Count I that harmless error is pursued by the State.

## DISCUSSION

### Count I and Harmless Error

[¶ 7] As noted earlier in the opinion, we have held that constitutional errors, such as those at issue here, may be analyzed to determine if, despite the presumption that such errors are prejudicial, the reviewing court is able to declare its belief that the error is harmless beyond a reasonable doubt. *Vigil*, ¶ 19. In this instance, Sarr's conviction on Count I rested on two sources of evidence. Daniel Bryan recited his eyewitness account of what occurred. The second source was the victim's tape-recorded statements, which we have now held to be inadmissible. The latter testimony was, of course, the most compelling evidence of Sarr's guilt with respect to that count. As was the case in *Vigil*, given the circumstances of this case, "we are not convinced beyond a reasonable doubt that the admission of the hearsay statements did not contribute to the conviction[.]" *Vigil*, ¶ 25. Thus, we are compelled to reverse Sarr's conviction on Count I, and it is remanded to the district court for retrial.

### Counts III, V, VI

[¶ 8] In *Sarr II* we held that a defendant is not subjected to double jeopardy if he is retried after his conviction is reversed for trial error. This holds true even where, leaving out of consideration erroneously admitted evidence, the evidence was not sufficient to sustain the conviction. The test has been described in these terms: "The double jeopardy clause does not prohibit a retrial when a review of all of the evidence present-

ed at trial, including the improperly admitted evidence, is sufficient to sustain a conviction." *Sarr II*, ¶ 8. This case is unusual in the sense that the only evidence so far presented to sustain these three convictions is the evidence that we now hold to be inadmissible. Nonetheless, consistent with the U.S. Supreme Court's holding in *Lockhart,* and our holding in *Sarr II,* Sarr may be retried on these counts. Thus, we reverse Sarr's convictions on Counts III, V, and VI, and they are remanded to the district court for further proceedings consistent with this opinion.

**Sentence**

[¶ 9]   Because we have reversed all of the judgments of guilt, we must also vacate the district court's sentence, including the order of restitution.

## CONCLUSION

[¶ 10]   The judgment and sentence of the district court are reversed, and this case is remanded to the district court for further proceedings consistent with this opinion.