Roy Lee ENGBERG, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–161.

Supreme Court of Wyoming.

May 19, 1994.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender; Wyoming Defender Aid Program, Gerald M. Gallivan, Director; James N. Hewitt, Student Intern, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Paul S. Rehurek, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., THOMAS, CARDINE and GOLDEN, JJ., and BROWN, J. (Retired).

BROWN, Judge (Retired).

Appellant Roy Lee Engberg was convicted of first degree murder. In this appeal he

questions the manner in which his sentence was structured.

We modify the sentence and affirm.

Appellant specifies the issues to be:

I. The judgment and sentence of the trial court was illegal since it makes appellant's sentence consecutive to a sentence in Missouri that has not yet been imposed.

II. Wyoming waives its jurisdiction over the appellant by releasing him to Missouri after having him in custody since 1983 while appellant was not receiving any credit for time served in Missouri.

Roy Lee Engberg is no stranger to this court, having visited it twice before. The circumstances of the murder for which appellant was convicted are set out in *Engberg v. State,* 686 P.2d 541 (Wyo.1984), *cert. denied,* 469 U.S. 1077, 105 S.Ct. 577, 83 L.Ed.2d 516 (*Engberg I*). In *Engberg I,* appellant's convictions for felony murder and aggravated robbery were affirmed. His sentence to death for murder and his sentence of twenty-five to thirty years for robbery were also upheld. Subsequently, the trial court denied appellant post-conviction relief. He appealed, and this court again affirmed his convictions, but vacated the death sentence and remanded the case to the district court for a new capital sentencing proceeding. *Engberg v. Meyer,* 820 P.2d 70 (Wyo.1991) (*Engberg II*).

Appellant's third appeal stems from the new capital sentencing trial held on July 27, 1992. In the latest capital sentencing proceedings appellant was sentenced to life in prison for felony murder, to run consecutive to the remainder of his unexpired life sentence in Missouri and **"to any sentence that might be imposed in the state of Missouri for escape."** [1]

## I.

■ In the first issue urged on appeal appellant complains that "[t]he sentence of the trial court was illegal since it makes appellant's sentence consecutive to a sentence in Missouri that has not yet been im-

posed." Appellant is fearful that after he has served two consecutive life sentences, he may have to serve a few more years. The state concedes that the portion of the sentence objected to by appellant is illegal.

*Roose v. State,* 753 P.2d 574 (Wyo.1988) controls the disposition of this case:

If part of a divisible sentence is illegal or improper, this Court may modify it by vacating, striking, or omitting that part which is illegal and improper and affirm the balance. *Barnes v. State,* Wyo., 670 P.2d 302 (1983); *Sorenson v. State,* Wyo., 604 P.2d 1031 (1979). We hold that the provision of the judgment and sentence providing "[t]hat the above sentence is and shall be consecutive to any other sentence that may be imposed upon the defendant at any time hereafter" is void and that the remainder of appellant's sentence is proper.

*Roose,* 753 P.2d at 580.

We modify the sentence in this case by vacating the portion making the life sentence consecutive to any sentence that might be imposed in Missouri for escape. In all other respects the sentence is proper.

## II.

In the second issue, appellant asks this court to determine whether Wyoming would waive its jurisdiction over appellant by releasing him to Missouri to serve the remainder of his life sentence and also face prosecution in Missouri for escape. He asks this court for an advisory opinion, and the state also asks that we address the potential problem.

■ It is a fundamental rule of appellate practice that advisory opinions are rarely given. *State Bd. of Equalization v. Jackson Hole Ski Corp.,* 745 P.2d 58, 59 (Wyo.1987) (citing *Graham v. Peace Officer Standards and Training Comm'n,* 737 P.2d 1060, 1062 (Wyo.1987)); *Chicago & N.W. Ry. v. City of Riverton,* 70 Wyo. 119, 128, 247 P.2d 660, 663

---

1. Appellant Roy Lee Engberg escaped from work release in Missouri in 1978 while serving a life sentence in that state for first-degree murder and

first-degree robbery. He has not been convicted of the Missouri escape.

(1952); 5 C.J.S. *Appeal and Error* § 705—nn. 28, 29 & 30 (1993).

Some appellate courts give advisory opinions, but strain mightily to fashion a justiciable issue; others render an advisory opinion in the form of dicta. We choose not to dance around characterization, but rather in addressing appellant's second issue, denominate it for what it is—an advisory opinion.

There is a modicum of authority for rendering an advisory opinion:

It is true that this court will not pass upon moot questions, nor, generally, upon questions not necessary to be decided, and which are not likely to arise again in the further proceedings in the case. * * * If we should not now decide it, it is bound to arise again, and would, it would seem, require another appeal. In such a case it is our right, if it is not our duty, to decide the question.

*Chicago & N.W. Ry.*, 247 P.2d at 663.

The appellate court will not consider questions or errors which are not likely to arise on another trial, or questions or errors which will be presented in a different manner on another trial. Conversely, matters which may, or probably will, arise on a new trial will, under some authorities, be considered; however, other authority is to the contrary.

5 C.J.S. *Appeal & Error* § 705 at 122 (1993) (footnotes omitted).

The trial court ordered appellant's life sentence to be served consecutively to the unfinished portion of his life sentence in Missouri. He contends that returning him at this time to serve the remainder of his sentence in Missouri will "interrupt" service of his Wyoming sentence and thereby cause a relinquishment of jurisdiction by Wyoming over appellant.

In support of his argument with respect to Issue II, appellant cites a fifty-one year old case, *People v. Bartley*, 383 Ill. 437, 50 N.E.2d 517 (1943). He also cites a few other cases that are distinguishable. In most of the cases cited by appellant the prosecution was responsible for delay in processing criminal proceedings. It was determined, therefore, that the prosecution had waived jurisdiction over the defendant. Arguably, *Bartley* and other cases cited by appellant give some respectability to his argument. However, we do not choose to follow that line of authority.

■ The transfer of a prisoner to another jurisdiction is a matter of comity between the sovereigns involved. *Hernandez v. United States Attorney Gen.*, 689 F.2d 915, 919 (10th Cir.1982). A waiver of jurisdiction will not be found in such transfers unless it is the manifest intent of the sending state. *Simmons v. Leach*, 626 P.2d 164, 166 (Colo.1981); *State ex rel. Graves v. Williams*, 99 Wis.2d 65, 298 N.W.2d 392, 397 (1980), *cert. denied*, 450 U.S. 930, 101 S.Ct. 1389, 67 L.Ed.2d 362 (1981). Transfer of custody to another jurisdiction will not create a presumptive or implied waiver of future custody by the sending state. *Schoengarth v. Bray*, 200 Colo. 288, 615 P.2d 655, 656 (Colo.1980).

■ When a state transfers one of its prisoners as a matter of comity to another jurisdiction to face that sovereign's criminal processes, there has been no waiver or relinquishment of the first state's jurisdiction. *Joubert v. McKernan*, 588 A.2d 748, 752 (Me. 1991). A transferring state does not lose jurisdiction unless there is an express waiver of the right to resume jurisdiction over the prisoner. *Hernandez*, 689 F.2d at 919.

■ Wyoming's version of the Uniform Criminal Extradition Act, Wyo.Stat. §§ 7–3–201 through 7–3–227, omitted part of § 25 and §§ 25–A and 25–B of the Uniform Criminal Extradition Act. *See*, Unif. Criminal Extradition Act §§ 25, 25–A, 25–B, 11 U.L.A. 288–301 (1974). These omitted sections specifically address the problem of regaining custody. We are satisfied, however, that our scheme of extradition permits the state to regain custody absent a specific waiver of jurisdiction.

In summary, in the event of appellant's extradition to Missouri, Wyoming does not lose jurisdiction unless it specifically waives it. After extradition, if appellant is paroled,

pardoned, or again escapes, Wyoming may again lay hands on him and regain custody.

The sentence is affirmed as modified.