2010 WY 165

**Germinia Ortencia SOLIS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–10–0092.

Supreme Court of Wyoming.

Dec. 16, 2010.

Representing Appellant: Diane Lozano, State Public Defender; Tina Kerin, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L.

Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jessica Y. Frint, Student Director, and Meggan Hathaway, Student Intern, of the Prosecution Assistance Program.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] After pleading guilty to one count of felony larceny, Appellant Germinia Ortencia Solis was ordered to pay $2,328.31 in restitution to the victim of her crime. Solis challenges the amount of restitution imposed. We hold the district court erred in ordering restitution for the full regular retail value of the stolen merchandise. We therefore reverse the order of restitution and remand the matter to the district court for entry of an amended Judgment and Sentence consistent with this opinion.

## ISSUE

[¶ 2] Solis phrases the issue as follows:

Was the trial court's restitution order in error as such amount was not the actual pecuniary damage as authorized by statute?

## FACTS

[¶ 3] On July 29, 2007, Solis and Pricilla Enriquez entered the JCPenney retail store in Cheyenne and selected a large quantity of clothing that was on sale. A sales associate rang up the items, which totaled $1,011.95, and placed them in five separate bags. Without paying for the items, Solis and Enriquez grabbed the bags and dashed towards a nearby exit door. When the sales associate followed, Enriquez threatened her with a drawn knife. The sales associate immediately retreated from the encounter, and Solis and Enriquez left the store with the merchandise.

[¶ 4] In October 2007, the State charged Solis with one count of aiding and abetting aggravated robbery under Wyo. Stat. Ann.

§ 6–2–401(c)(ii) and § 6–1–201(a) (LexisNexis 2009), and one count of felony larceny under Wyo. Stat. Ann. § 6–3–402(a) and (c)(i) (LexisNexis 2009). A warrant for Solis' arrest was issued, and she was eventually arrested on June 1, 2009. Shortly thereafter, the State dismissed the aiding and abetting charge, and Solis was bound over to district court on the larceny charge. She later entered into a plea agreement with the State in which she agreed to plead guilty to that charge in exchange for a sentence of three to five years, to be suspended in favor of five years of supervised probation. The plea agreement also provided that Solis would be jointly and severally liable with her co-defendant for full restitution in an amount to be determined. Pursuant to that agreement, Solis pled guilty to the larceny charge on October 26, 2009.

[¶ 5] A Presentence Investigation Report (PSI) subsequently filed with the district court identified the restitution amount as $2,328.31, without furnishing details as to how that amount was derived. At the sentencing hearing held on January 11, 2010, Solis contested the amount of restitution listed in the PSI. After some discussion, and with the parties' consent, the district court deferred the restitution determination to a later hearing, and proceeded to sentence Solis in accordance with the terms of the plea agreement.

[¶ 6] At the subsequent hearing, the State sought restitution in the amount of $1,968.31 for the stolen property, which was the full regular retail price of that property.[1] In addition, the State asserted a restitution claim of $360.00 for the cost to JCPenney of hiring and training a new sales associate, since the sales associate who sought to prevent the theft had resigned as a result of the incident. Solis objected to the imposition of restitution for the cost of the new sales associate, and argued that the value of the stolen property was only $1,011.95, which was the price of the goods on the day they were stolen and the value reflected on the cash register receipts. Ultimately, the district

---

1. A representative of JCPenney testified that the full retail price was the amount ultimately written off as a loss in the store's inventory.

court agreed with the State regarding the losses suffered by JCPenney and ordered Solis to pay as restitution the sum $2,328.31 ($1,968.31 for the stolen merchandise plus $360.00 for the new sales associate). A Judgment and Sentence incorporating the restitution order was entered on March 23, 2010. This appeal followed.

## DISCUSSION

### Standard of Review

[¶ 7] Generally, appellate review of an order of restitution is confined to a search for procedural error or a clear abuse of discretion. *Brown v. State*, 2003 WY 72, ¶ 9, 70 P.3d 238, 241 (Wyo.2003). We review for an abuse of discretion challenges to the amount of restitution set by a trial court. *Frederick v. State*, 2007 WY 27, ¶ 14, 151 P.3d 1136, 1141 (Wyo.2007); *Alcaraz v. State*, 2002 WY 57, ¶ 5, 44 P.3d 68, 70 (Wyo.2002). In contrast, we review de novo challenges to the authority of the trial court to order restitution. *Penner v. State*, 2003 WY 143, ¶ 7, 78 P.3d 1045, 1048 (Wyo.2003). To the extent we are called upon to construe statutes, we follow these principles:

> We endeavor to interpret statutes in accordance with the legislature's intent. *State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*. 845 P.2d at 1042.
>
> When the words used are clear and unambiguous, that language establishes the rule of law. A statute is ambiguous only where its meaning is vague or ambiguous and subject to varying interpretations. Only if the wording is ambiguous

or unclear to the point of demonstrating obscurity with respect to the legislative purpose or mandate do we resort to additional construction.

*Rivera v. State*, 846 P.2d 1, 6 (Wyo.1993) (citations omitted). Penal statutes must be strictly construed and "cannot be enlarged by implication or extended by inference or construction." *Smith v. State*, 902 P.2d 1271, 1284 (Wyo.1995). "We also recognize that ambiguity in a criminal statute should be resolved in favor of lenity." *ALJ v. State*, 836 P.2d 307, 310 (Wyo.1992).

*Hampton v. State*, 2006 WY 103, ¶ 7, 141 P.3d 101, 104 (Wyo.2006) (quoting *Meerscheidt v. State*, 931 P.2d 220, 223–24 (Wyo. 1997)).

### Analysis

[¶ 8] In Wyoming, a trial court's power to order restitution springs from statutory law, not any inherent authority. *Hampton*, ¶ 8, 141 P.3d at 104. As part of the sentencing process, a trial court is required to order a defendant to pay restitution to each victim unless the court specifically finds that the defendant has no ability to pay and no reasonable possibility exists that he will have an ability to pay. Wyo. Stat. Ann. § 7-9-102 (LexisNexis 2009). In every case in which restitution is ordered, the trial court must set a reasonable amount for actual pecuniary damages suffered by each victim as a result of the defendant's criminal activities. Wyo. Stat. Ann. § 7-9-103(b) (LexisNexis 2009). For purposes of restitution, "pecuniary damage" means all damages "a victim could recover against the defendant in a civil action arising out of the same facts or event," but does not include "punitive damages and damages for pain, suffering, mental anguish and loss of consortium." Wyo. Stat. Ann. § 7-9-101(a)(iii) (LexisNexis 2009).

[¶ 9] In this case, Solis does not question the district court's authority to order restitution. Rather, her complaint concerns the propriety of the amount of restitution awarded. Solis contends the district court improperly ordered her to pay restitution for the full retail value of the stolen merchandise.[2]

2. The other aspect of the restitution award—the $360.00 for hiring and training the new sales associate—is not at issue in this case.

She claims, as she did below, that the proper measure of pecuniary damages should be $1,011.95, which was the sale price of the goods on the day they were stolen. Under the specific facts and circumstances of this case, we must agree with Solis.

[¶ 10] An easily identifiable civil cause of action under which JCPenney could recover damages against Solis would be conversion. We have defined conversion as "any distinct act of dominion wrongfully executed over one's property in denial of his right or inconsistent with it." *Alcaraz*, ¶ 8, 44 P.3d at 71. Essentially, conversion occurs when a person treats the property of another as his own, denying the true owner the benefits and rights of ownership. *Id.*

[¶ 11] In a general conversion action involving personal property, the measure of damages is the fair market value of the property at the time of the loss.[3] *Lieberman v. Mossbrook*, 2009 WY 65, ¶ 49, 208 P.3d 1296, 1311 (Wyo.2009); *Broyles v. Broyles*, 711 P.2d 1119, 1124 (Wyo.1985). Fair market value is defined as "[t]he price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length transaction." *Grommet v. Newman*, 2009 WY 150, ¶ 52, 220 P.3d 795, 815 (Wyo.2009) (quoting *Black's Law Dictionary* 1691 (9th ed.2009)). In this case, JCPenney was willing to sell the merchandise that was stolen on July 29, 2007, at a price discounted below its full retail price. As reflected by the sales receipt, $1,011.95 is the sum JCPenney would have accepted from a willing purchaser and the price a bona fide buyer would have paid for those items on that day. We therefore conclude that the actual damages incurred by JCPenney which could be recoverable in a conversion action, as measured by fair market value at the time of the loss, is the sale price of $1,011.95, and not the items' full retail price of $1,968.31.[4]

[¶ 12] The State directs us to Wyo. Stat. Ann. § 1–1–127 as a basis for upholding the

restitution award. That statute provides the measure of damages in civil actions arising from the theft of goods through the act of shoplifting, and states in relevant part:

(a) A person over ten (10) years of age who violates W.S. 6–3–404(a) or (b) is civilly liable to the merchant of the property in an amount consisting of:

(i) Return of the property in original condition or actual damages equal to the full marked or listed price of the property; plus

(ii) A civil liability of twice the amount of the full marked or listed price of the property but not less than fifty dollars ($50.00) nor more than one thousand dollars ($1,000.00); plus

(iii) Reasonable attorney's fees and court costs.

* * * *

(c) A conviction or a plea of guilty to a violation of W.S. 6–3–404(a) or (b) is not a prerequisite to the bringing of a civil suit under this section.

Wyo. Stat. Ann. § 1–1–127 (LexisNexis 2009).

[¶ 13] Initially, we agree that § 1–1–127 would be applicable to the determination of the proper amount of restitution in the instant case. Although Solis was convicted of larceny, the specific facts demonstrate that she also violated the shoplifting statute, which in pertinent part makes it a crime for any person to willfully take "possession of property offered for sale by a . . . retail store without the . . . consent of the owner and with intent to convert the property to his own use without paying the purchase price." Wyo. Stat. Ann. § 6–3–404(a) (NexisLexis 2009). Section 1–1–127(c) makes clear that, so long as the facts show a violation of the shoplifting statute, no actual conviction or plea of guilty to that crime is required for recovery under the statute. However, we are not persuaded that § 1–1–127 provides a

---

3. Although special damages might be recoverable in a conversion action, no special damages were alleged in this case.

4. At this juncture, only sheer speculation would support a finding of a greater fair market value.

The record is devoid of any evidence that the price of the merchandise would have reverted to its full retail price after July 29, 2007, resulting in a greater monetary return for JCPenney.

legal basis for sustaining the district court's restitution award.

[¶ 14] Primarily, we disagree with the State's contention that the "full marked or listed price" of the stolen property is the equivalent of its full retail price. "List price" is defined as the "published or advertised price of goods." *Black's Law Dictionary* 1308 (9th ed.2009). It is, in essence, what a consumer knows the price to be at the time and the amount the merchant is seeking and willing to accept as compensation for the goods. As to "marked" price, common sense dictates that it is the actual price placed on the merchandise. It is the price the consumer actually sees and, ultimately, the amount that is reflected on the sales receipt. In this case, no question exists that the property at issue was listed and marked by JCPenney at a reduced sale price of $1,011.95. It is this sale price, and not the original full retail price of $1,968.31, which we find would generally be recoverable in a civil action pursued under § 1-1-127.

[¶ 15] The State also contends that even if it is determined that the "full marked or listed price" of the property is the sale price of $1,011.95, the restitution order can be sustained because the district court, in accordance with § 1-1-127(a)(ii), could have properly added as much as $1,000.00 to the price of the goods in determining the civil damages which JCPenney was entitled to receive, for a total restitution amount of $2,011.95. Again we disagree. We find § 1-1-127(a)(ii) to be a penalty provision. Damages awarded pursuant to its authority are punitive in nature. Punitive damages are specifically excluded from the definition of pecuniary damages which can be awarded as restitution. § 7-9-101(a)(iii).

[¶ 16] In sum, we hold the district court abused its discretion in awarding the full retail value of the stolen merchandise as restitution instead of its sales price. We reverse the restitution award and remand this case to the district court for entry of an amended Judgment and Sentence consistent with this opinion.