2011 WY 44

**Claude Robert CROSBY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–10–0153.

Supreme Court of Wyoming.

March 10, 2011.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General. Argument by Ms. Pojman.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1]  The circuit court imposed a sentence on Claude Robert Crosby that exceeded the maximum authorized by the relevant statute. After serving part of the sentence in the community corrections facility where he had been placed, Mr. Crosby left without authorization. He was charged with escape and claims the charge is improper because he was serving an illegal sentence at the time he left the facility. Upon the parties' stipulation, the district court certified two questions to this Court:

1.  Whether the original sentence was void *ab initio* in its entirety, or is it an illegal sentence subject to correction under Rule 35(a), Wyoming Rules of Civil Procedure?

2.  Given that the escape charge in the above-captioned matter was filed at a time when the sentence was illegal, is it proper to continue the prosecution of the Defendant for escape, should this Court find that the original sentence was illegal and subject to correction?

[¶ 2]  We answer the first part of question 1 "no"; the original sentence was not void *ab initio* in its entirety. We answer the second part of question 1 "yes"; the original sentence was subject to correction under W.R.Cr.P. 35(a). We answer the second question "yes"; it was proper to continue the prosecution of Mr. Crosby for escape.

**FACTS**

[¶ 3]  Mr. Crosby was arrested in Converse County, Wyoming on December 6, 2007, for driving while under the influence of alcohol in violation of Wyo. Stat. Ann. § 31–5–233(b)(ii) (LexisNexis 2009). He was incarcerated in the Converse County Detention Center. On December 11, 2007, he was found guilty in circuit court of driving under the influence, his third offense. The circuit court sentenced him to 365 days in jail with 270 days suspended and 5 days credit for time served from his arrest until sentencing, leaving a balance of 90 days to be served.

[¶ 4]  Mr. Crosby served two more days in the detention center and was then transferred to a correctional facility in Campbell County to serve the 88 days remaining on his sentence. Prior to the expiration of the 88 days, Mr. Crosby allegedly left the facility for his work site, reported to his employer and then left the work site without permission. He was charged with escape in violation of Wyo. Stat. Ann. § 6–5–206(a)(ii)(A) (LexisNexis 2009). On March 4, 2010, he was apprehended and brought to the Campbell County detention center.

[¶ 5]  On April 30, 2010, the circuit court in Converse County, which had imposed the DUI sentence, filed an Order Nunc Pro Tunc reducing Mr. Crosby's sentence of 365 days to 180 days with 90 days suspended. Subsequently, Mr. Crosby filed a motion to dismiss the escape charge in Campbell County asserting it could not stem from an illegal

sentence. The State responded, contending the original sentence remained in force because it had not been appealed and could not be challenged in a collateral proceeding. The State argued further that the circuit court properly corrected the sentence and the 90 days Mr. Crosby was ordered to serve was within the maximum sentence authorized by the statute. The district court certified the questions set forth in paragraph 1 above to this Court.

## STANDARD OF REVIEW

[¶ 6] The question of whether a sentence is illegal is one of law, which we review *de novo*. *Sarr v. State*, 2007 WY 140, ¶ 9, 166 P.3d 891, 894 (Wyo.2007).

## DISCUSSION

[¶ 7] Mr. Crosby was found guilty of violating § 31-5-233(b)(ii). It was his third conviction under the statute within five years; therefore, pursuant to § 31-5-233(e), he was subject to a maximum sentence of six months. The 365 day sentence imposed by the circuit court clearly exceeded the six month maximum sentence and was, therefore, illegal. *Sarr*, ¶ 9, 166 P.3d at 894 ("... an illegal sentence is one that exceeds statutory limits."). W.R.Cr.P. 35(a) provides that a court may correct an illegal sentence at any time. Here, the circuit court properly corrected the illegal sentence after it came to its attention.

[¶ 8] The question this Court must decide is whether the illegal sentence was void in its entirety so as to also void the escape charge. Wyoming law is clear that when part of a divisible sentence is illegal or improper, it may be modified by vacating or striking that part which is illegal or improper and affirming the balance. *Engberg v. State*, 874 P.2d 890, 891 (Wyo.1994); *Roose v. State*, 753 P.2d 574, 580 (Wyo.1988); *Barnes v. State*, 670 P.2d 302, 304 (Wyo.1983); *Sorenson v. State*, 604 P.2d 1031, 1038 (Wyo.1979). When a district court exceeds its sentencing authority and the sentence is divisible, we have the option of remanding for resentencing or simply mandating that the illegal por-

tion be stricken. *Ochoa v. State*, 848 P.2d 1359, 1365 (Wyo.1993).

[¶ 9] Whether this Court will strike the illegal portion of a sentence depends upon the circumstances. In *Sorenson* and *Barnes*, the Court declined to do so. The district court in *Sorenson* had sentenced the defendant to incarceration as authorized by statute but then, without statutory authority, imposed psychiatric treatment as a mandatory condition of parole. In *Barnes*, the district court sentenced the defendant to one year in jail and imposed a $1,000 fine as statutorily permitted, but also ordered him to make restitution, which neither the sentencing statute nor the restitution statute in effect at the time allowed except in cases of suspended sentences or probation. Concluding the district courts might have imposed entirely different sentences had they known the sentences they fashioned were in part improper, this Court remanded the cases to district court for re-sentencing.

[¶ 10] In *Roose*, 753 P.2d 574, however, the district court sentenced the defendant to the maximum term of imprisonment authorized by statute and ordered the sentence to be served consecutively to any other sentence imposed upon him in the future. Similarly in *Engberg*, 874 P.2d 890, the defendant was sentenced to life in prison to run consecutively with the remainder of an unexpired life sentence in Missouri and any sentence imposed in Missouri for escape. In both cases, this Court affirmed the terms of imprisonment but vacated the portion making the terms consecutive to other sentences, concluding the district courts had no authority to impose those conditions.

[¶ 11] Mr. Crosby's situation is more like *Roose* and *Engberg* than it is *Sorenson* or *Barnes*. The circuit court was authorized to sentence Mr. Crosby to a maximum sentence of six months. It was not authorized to sentence him to serve more than six months. We affirm the term of imprisonment up to six months and strike the remainder. Mr. Crosby had not yet served six months when he allegedly escaped from the correctional facility. At the time he escaped, he was lawfully confined. The prosecution for the escape charge may continue.

[¶ 12]   Mr. Crosby asserts that we held otherwise in *Endris v. State*, 2010 WY 73, 233 P.3d 578 (Wyo.2010).   There, Mr. Endris pleaded guilty to driving while under the influence of alcohol and the district court imposed a sentence allowing him to be released from jail to participate in a treatment program.   The district court advised Mr. Endris that during his release for treatment he was on probation and in official detention. Mr. Endris was released but he did not attend the treatment program.   His probation was revoked and he was convicted of escape.   He appealed both the revocation and the escape conviction claiming the original sentence was illegal because it subjected him to probation and detention at the same time; therefore, he could not be convicted of escape.

[¶ 13]   We reversed, concluding that the statute under which Mr. Endris was sentenced did not allow for probation and detention at the same time; rather, it allowed the court to impose a split sentence of detention followed by probation.   We held the sentence imposed on Mr. Endris was illegal.   We said further:

> [The] illegal sentence cannot serve as a proper basis for revoking his probation, and so we reverse that decision.   In addition, the illegal sentence cannot serve as a proper basis for convicting him of escape from official detention, and so we reverse that conviction.

*Id.,* ¶ 22, 233 P.3d at 583.

[¶ 14]   Mr. Crosby's reliance on *Endris* is misplaced.   The district court sentenced Mr. Endris to a term in prison, suspended that sentence and imposed a split sentence requiring Mr. Endris to spend one year in jail and one year on probation.   However, the district court then allowed Mr. Endris to be released from jail for alcohol treatment and treated him as being in detention and on probation simultaneously while in treatment.   Because he could not be in detention and on probation at the same time for the same crime, the sentence was illegal and could not serve as a proper basis for revoking his probation, which legally could not start until his deten-

tion ended, nor could it serve as a proper basis for convicting him of escape.

[¶ 15]   In contrast, the statute under which Mr. Crosby was sentenced authorized a term of incarceration for up to six months. Under the statute, Mr. Crosby was properly incarcerated at the time he escaped.   The legal portion of the sentence—incarceration for six months—is a proper basis for convicting him of escape.   We remand this case to the district court for proceedings consistent with this opinion.[1]

---

1.   We leave for another day the question of whether a prosecution can continue on an escape occurring after the legal portion of a sentence has been served.