2012 WY 130

**Timothy J. SMITH, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–12–0041.**

Supreme Court of Wyoming.

Oct. 5, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jeffrey Pope, Assistant Attorney General.

Before KITE, C.J., and GOLDEN,* HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant, Timothy J. Smith, entered a plea of "no contest" to one misdemeanor count of reckless endangerment. He was sentenced to one year in jail and was ordered to pay restitution to the two victims of his crime. On appeal, he claims that the district court abused its discretion when it ordered that he pay a total of $335,387.26 in restitution, and that it acted unlawfully when it ordered that the appellant make a "bona fide effort" to pay the restitution within five years. We affirm the district court's order regarding the amount of restitution, but find that it did not have the authority to impose a deadline on when the restitution must be paid.

## ISSUES

[¶ 2]. 1. Did the district court abuse its discretion when it ordered that the appellant pay $335,387.26 in restitution?

2. Did the district court have the authority to require the appellant to make a "bona fide effort" to have the total restitution paid within a five-year period?

## FACTS

[¶ 3] The appellant was arrested and charged with one count of aggravated assault and battery after it was reported that he intentionally struck the victim with his vehicle, which in turn pinned the victim between the appellant's truck and another vehicle. The appellant then left the scene of the accident. The victim was taken to a hospital by life flight for treatment of serious injuries to his legs.

[¶ 4] Eventually, the State and the appellant came to an agreement that the State would amend the charge from aggravated

* Justice Golden retired effective September 30, 2012.

assault and battery to reckless endangering (a misdemeanor), that the appellant would enter a plea of "no contest" to the charge, and that the appellant and the State would recommend the imposition of the maximum sentence of one year in jail.[1] However, the appellant was free to argue that the sentence be suspended in favor of probation. The parties also agreed that the amount of damages for victim restitution would be determined at a later time. The district court accepted the plea agreement and, after the appellant entered his "no contest" plea, sentenced the appellant to one year in jail. Eight months later, the district court held a restitution hearing wherein the appellant was ordered to pay a total of $335,387.26 in restitution to the two victims—one victim who sustained serious bodily injuries and one who sustained damage to his vehicle.

## DISCUSSION

*Did the district court abuse its discretion when it ordered that the appellant pay $335,387.26 in restitution?*

■ [¶ 5] The appellant claims that the district court's decision to order him to pay over $335,000 in restitution was unreasonable when one considers his familial responsibilities and economic conditions.[2] This Court reviews a challenge to the amount of restitution set by the district court for an abuse of discretion. *Penner v. State*, 2003 WY 143, ¶ 7, 78 P.3d 1045, 1047 (Wyo.2003). "'Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.'" *Id.* (quoting *Brock v. State*, 967 P.2d 26, 27 (Wyo.1998)).

■ [¶ 6] The State argues that the appellant waived appellate review of the restitution amount because he agreed to pay restitution pursuant to the plea agreement and he did not object to the final amount of restitution set by the district court. In *Merkison v. State*, 996 P.2d 1138 (Wyo.2000), this Court explained that "[c]hallenges to the factual basis of an award of restitution can be waived in certain circumstances by the defendant's voluntary actions, such as entering into a plea agreement, and then failing to

---

1. The prosecutor explained that one of the reasons for the plea agreement was that damages caused by an intentional act were excluded from coverage under the appellant's auto insurance. The prosecutor hoped that if the appellant pled guilty to reckless endangering, which does not require an intentional act, the victims' damages would not be excluded from coverage. Despite the appellant's plea to a reckless act, as opposed to an intentional one, the insurance company still denied coverage.

2. We note that the restitution amount was not set at the sentencing hearing but, rather, was set at a restitution hearing held several months after the appellant was sentenced. A district court's authority to order restitution "does not spring from any inherent authority" but comes from statute. *Aldridge v. State*, 956 P.2d 341, 343 (Wyo.1998). Wyo. Stat. Ann. § 7-9-103(a) (LexisNexis 2011) explains that a claim for restitution should be submitted as "part of the sentencing process." *Id.* Further, subsection (b) orders that the district court include its restitution determination "as a special finding in the judgment of conviction[.]" Wyo. Stat. Ann. § 7-9-103(b) (LexisNexis 2011). This Court has also concluded that "[a] sentence cannot be increased after it has been entered, nor may restitution be added at a later date." *Kaess v. State*, 748 P.2d 698, 702 (Wyo.1987); *see also Parker v. State*, 882 P.2d 1225, 1228 (Wyo.

1994) ("We have also recognized an illegal sentence as one which orders post incarceration restitution absent statutory authority.").

While a district court generally must order restitution at the sentencing hearing and include it in the judgment and sentence, we have found that right is personal to the defendant and may be waived. *Kahlsdorf v. State*, 823 P.2d 1184, 1193 (Wyo.1991). However, for the Court to find a valid waiver, the record must demonstrate that the waiver was made knowingly and intelligently by the defendant, and that there was an eventual determination of a reasonable amount of restitution. *Aldridge*, 956 P.2d at 343.

Here, a specific restitution amount was not determined at the sentencing hearing. Instead, the district court ordered "that restitution will be set per agreement between the State and the Defendant. If an agreement on restitution is not made the [district court] will set a restitution hearing." This does not comply with the general rule regarding restitution. However, there is still the question of whether the appellant knowingly and voluntarily waived his right to have a specific restitution amount determined at the sentencing hearing. That question will continue to linger. The appellant has chosen not to challenge this issue on appeal before this Court, and we, therefore, decline to consider it. *See Smith v. State*, 2009 WY 2, ¶ 32, 199 P.3d 1052, 1061 n. 1 (Wyo.2009).

make any objection at sentencing[.]" *Id.* at 1141. Here, the appellant entered into a plea agreement wherein it was agreed that restitution would be determined. Further, the appellant did not object to the final amount of restitution ordered by the district court.[3] Therefore, we agree that the appellant waived his right to challenge the factual basis of the restitution order.

■ [¶ 7] Beyond that waiver, we find that the record adequately supports the district court's restitution order. While the appellant argues that the district court's order was unreasonable because it did not take into account how much money the appellant actually makes and his other financial obligations, the statutes regarding restitution do not require the district court to make findings in that regard. In fact, the restitution statutes *require* the district court "to order a defendant to pay restitution to each victim *unless* the court specifically finds that the defendant has no ability to pay and no reasonable possibility exists that he will have an ability to pay." *Solis v. State*, 2010 WY 165, ¶ 8, 245 P.3d 323, 325 (Wyo.2010) (emphasis added); *see also* Wyo. Stat. Ann. §§ 7–9–102 and 7–9–103(c) (LexisNexis 2011).

■ [¶ 8] This Court has interpreted that statute to mean that the district court is "under no obligation to make a specific finding that there is an ability to pay restitution." *Whitten v. State*, 2005 WY 55, ¶ 13, 110 P.3d 892, 896 (Wyo.2005). Instead, the district court must order restitution, and only if it finds that restitution should not be ordered must the district court explain why the defendant is *unable* to pay restitution. *Id.* Here, the district court determined that it could not find that the appellant would be unable to pay the restitution over time. Since the district court ordered restitution and did not find the appellant unable to pay, it was not required to make any factual findings regarding the appellant's ability to pay the restitution.

[¶ 9] The appellant directed this Court to several federal cases that hold that a restitution order must be consistent with a defendant's ability to pay. However, these cases are unpersuasive, primarily because the applicable federal statute at the time those opinions were published specifically required the federal courts to consider "the financial resources of the defendant [and] the financial needs and earning ability of the defendant and the defendant's dependents[.]" *See* 18 U.S.C. 3664(a) (1995). Wyoming's statute is fundamentally different, requiring the district court to order restitution unless it finds that the appellant is unable to pay. *See* Wyo. Stat. Ann. §§ 7–9–102 and 7–9–103(c).

[¶ 10] The appellant's federal authority is also unpersuasive because it is based upon the federal restitution statutes in effect before Congress passed the Mandatory Victims' Restitution Act of 1996. In that act, Congress mandated that restitution is required for certain offenses, including crimes of violence, crimes against property, or crimes involving an identifiable victim. 18 U.S.C.A. § 3663A(c)(1) (West Supp.2012). Further, the courts are required to order full restitution without giving any consideration to the economic circumstances of the defendant. 18 U.S.C.A. § 3664(f)(1)(A) (West 2000). If a defendant willfully fails to pay his restitution, he may be charged with a misdemeanor and punished with one year in prison or a fine of twice the amount of the unpaid balance of the restitution. 18 U.S.C.A. § 3615 (West 2000). Therefore, in many respects, Wyoming district courts are afforded more discretion to consider a defendant's economic circumstances when considering restitution. In Wyoming, a district court has the authority to find a defendant unable to pay the restitution, whereas a federal court must order restitution no matter the economic circumstances.

■ [¶ 11] Here, the victims presented verifiable evidence consisting of bills from medical providers and vehicle repair shops and victim testimony of the damages they

---

**3.** The appellant filed a motion challenging the district court's general authority to order restitution, which was denied. The denial of that motion is not raised as a basis of this appeal. At the restitution hearing, the appellant objected to some of the restitution submitted by the State. The district court agreed with the appellant and did not order any of the restitution to which there was an objection, finding that the requests were too speculative.

had suffered due to the appellant's criminal conduct.[4] *See Glover v. State*, 2007 WY 169, ¶ 11, 169 P.3d 553, 557 (Wyo.2007) (testimony from a victim's advocate reciting the victim's medical bills afforded a reasonable basis for the restitution order). The district court properly exercised its discretion in finding that the appellant was not unable to pay the restitution over time. The record shows that the appellant is young and apparently capable, as he was granted permission by the district court to participate in a work release program while serving his sentence in the county jail. At the time the appellant requested permission to participate in the work release program, his potential employer was willing to let the appellant work ten-to-twelve-hour shifts at a minimum of $10 per hour. We find that the district court did not abuse its discretion when it concluded that the appellant was not unable to pay restitution over time to the victims.

***Did the district court have the authority to require the appellant to make a "bona fide effort" to have the total restitution paid within a five-year period?***

▬ [¶ 12] When the district court imposed restitution, it ordered that "a bonafide [sic] effort be made by [the appellant] to retire the restitution within five (5) years from November 22, 2011[.]" The appellant claims that the restitution statutes do not give the district court the authority to require the restitution be paid within a certain amount of time. The State argues that Wyo. Stat. Ann. § 7–9–104 (LexisNexis 2011) gives the district court the authority to establish a payment plan regarding restitution. We review challenges to the district court's authority to order restitution *de novo. Solis*, 2010 WY 165, ¶ 7, 245 P.3d at 325. After a careful review of the restitution statutes, we agree with the appellant, and hold that the district court did not have the authority to order the appellant to make a bona fide effort to pay the restitution within a five-year period.

4. A district court must determine that the restitution sought is for "actual pecuniary damage resulting from the defendant's criminal activity[.]" Wyo. Stat. Ann. § 7–9–103(b). "Pecuniary damage" is defined as "all damages which a victim could recover against the defendant in a civil

[¶ 13] "In Wyoming, a trial court's power to order restitution springs from statutory law, not any inherent authority." *Id.* at ¶ 8, at 325. That authority stems from Wyo. Stat. Ann. §§ 7–9–101 through 7–9–114 (LexisNexis 2011). As discussed above, *see supra* ¶ 7, the district court is required to order a defendant to pay restitution unless it makes a specific finding that the defendant is unable to pay. Wyo. Stat. Ann. §§ 7–9–102 and 7–9–103(c). Further, Wyo. Stat. Ann. §§ 7–9–104 through 7–9–109 outline the steps to be taken when making a restitution plan with the assistance of the probation and parole agent assigned to the defendant. The State submits that these specific statutes gave the district court the authority to order the five-year time frame.

[¶ 14] Despite the State's arguments to the contrary, the plain reading of Wyo. Stat. Ann. § 7–9–104 makes it clear that a restitution plan was not an option available to the district court. The statute states:

(a) In any case in which the court has ordered restitution under W.S. 7–9–102, 7–9–113 or 7–13–301, *if the sentencing court orders suspended imposition of sentence, suspended sentence or probation,* the court shall require that the defendant in cooperation with the probation and parole officer assigned to the defendant, or in the case of unsupervised probation any probation and parole officer or any other person the court directs, promptly prepare a plan of restitution including the name and address of each victim, the amount of restitution determined to be owed to each victim pursuant to W.S. 7–9–103 or 7–9–114 and a schedule of restitution payments.

Wyo. Stat. Ann. § 7–9–104(a) (emphasis added). While the statute initially refers to "any case in which the court has ordered restitution," that clause clearly is modified by the language that limits the application of the statute to cases where "the sentencing court orders suspended imposition of sentence, suspended sentence or probation[.]" *Id.* This

action arising out of the same facts or event, including damages for wrongful death. It does not include punitive damages and damages for pain, suffering, mental anguish and loss of consortium." Wyo. Stat. Ann. § 7–9–101(a)(iii) (LexisNexis 2011).

limitation is further evidenced by the fact that the restitution plan is prepared and enforced with the help of a probation and parole officer. *See* Wyo. Stat. Ann. §§ 7–9–104 through 7–9–109. Probation and parole officers supervise parolees and probationers. *See* Wyo. Stat. Ann. § 7–13–401(a)(xiv) (LexisNexis 2011).

[¶ 15] Here, the appellant was sentenced to one year in jail. His sentence was not suspended nor was he given probation and, therefore, his sentence is not a sentence for which a restitution plan may be imposed. Consequently, the district court's authority regarding restitution was limited to ordering the restitution amount under Wyo. Stat. Ann. §§ 7–9–102 and 7–9–103(b). The district court did not have the authority to put a time limitation on the payment of the restitution and, thus, that portion of the sentence is illegal. *Sarr v. State*, 2007 WY 140, ¶ 9, 166 P.3d 891, 894 (Wyo.2007).

[¶ 16] "When a district court exceeds its sentencing authority and the sentence is divisible, we have the option of remanding for resentencing or simply mandating that the illegal portion be stricken." *Crosby v. State*, 2011 WY 44, ¶ 8, 247 P.3d 876, 878 (Wyo.2011). When we have concluded that it is likely that the district court may have imposed a different sentence had it known that part of the sentence was illegal, we have remanded the matter to the district court for resentencing. *Id.* at ¶ 9, at 878; *see Barnes v. State*, 670 P.2d 302, 304 (Wyo. 1983); *Sorenson v. State*, 604 P.2d 1031, 1038 (Wyo.1979). If it is not likely that the legal part of the sentence would change at resentencing if the illegal portion is vacated, we have opted simply to strike the illegal part of the sentence. *See Engberg v. State*, 874 P.2d 890, 891 (Wyo.1994); *Roose v. State*, 753 P.2d

574, 580 (Wyo.1988). Because the appellant was sentenced to the maximum jail term available and was ordered to pay a significant, but reasonable, amount of restitution, it is unlikely that the district court would impose a different sentence upon remand. Therefore, we vacate the requirement that the appellant make a bona fide effort to pay the restitution within five years. The remainder of the appellant's sentence, including the amount of restitution owed, remains in full force and effect.

## CONCLUSION

[¶ 17] The district court did not abuse its discretion when it ordered the appellant to pay over $335,000 in restitution to the two victims. The district court did not make a finding that the appellant would be unable to pay restitution and, therefore, was required by Wyo. Stat. Ann. §§ 7–9–102 and 7–9–103(c) to order that restitution be paid. Further, the amount of restitution was reasonable, as it was based upon verifiable costs associated with injuries and property damage that were incurred by the victims as a result of the appellant's criminal behavior. However, the district court did not have the authority to require the appellant to make a bona fide effort to have the restitution amount retired within five years. We hereby vacate the five-year pay off requirement and affirm the remainder of the appellant's sentence, including the amount of restitution owed.