# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 38

### OCTOBER TERM, A.D. 2014

### March 9, 2015

BOBBIE J. SHAFER,

Appellant
(Defendant),

v.                                                        S-14-0202

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
The Honorable Wade E. Waldrip, Judge

*Representing Appellant:*
    Office of the Public Defender:  Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel.

*Representing Appellee:*
    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Joshua C. Eames, Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Justice.**

[¶1]   Bobbie J. Shafer entered a guilty plea to one count of welfare fraud.  The district court entered a judgment and sentence, requiring Ms. Shafer to make restitution in the amount of $90,722.79.  She appeals, asserting the district court abused its discretion in ordering her to pay that amount.  We find no abuse of discretion and affirm.

## ISSUE

[¶2]   The issue for our determination is whether the district court abused its discretion when it ordered Ms. Shafer to make restitution in the amount of $90,722.79.

## FACTS

[¶3]   By information filed in July 2013, the Carbon County Attorney's Office charged Ms. Shafer with three counts of welfare fraud in violation of Wyo. Stat. Ann. § 42-2-112 (LexisNexis 2013).  The first count alleged that she violated subsection (a) of the statute by knowingly making a false statement, misrepresentation or failing to disclose a material fact when obtaining food stamps.  The second and third counts alleged she violated subsection (h) of § 42-2-112 by committing the above acts when obtaining child care assistance and Medicaid respectively.  The facts giving rise to the charges were that Ms. Shafer falsely reported to the Wyoming Department of Family Services (DFS) that she was living with her mother when she applied for assistance when in fact she was living with the father of her two children, making her and her children ineligible for benefits.

[¶4]   The parties entered into a plea agreement pursuant to which Ms. Shafer agreed to plead guilty to the third count involving Medicaid and the State agreed to dismiss the other counts.  The parties further agreed that Ms. Shafer be sentenced to serve three to eight years in prison, with the sentence to be suspended in favor of ten years probation if the pre-sentence investigation recommended probation.  As it pertains to this appeal, Ms. Shafer also agreed to make restitution in the amount of $90,722.79, the total amount of benefits she obtained for food stamps, child care assistance and Medicaid.  At the change of plea hearing, the parties informed the district court they had agreed Ms. Shafer could make the argument at sentencing that she was unable to pay the restitution amount.

[¶5]   At the sentencing hearing, defense counsel expressed concern about Ms. Shafer's ability to pay the restitution amount, noting that to pay the full amount within ten years she would have to pay $758 per month.  Counsel noted that Ms. Shafer was historically a minimum-wage earner and unlikely to qualify for a higher paying job without training.  Counsel further noted that $41,822.00 of the benefits she obtained went to her boyfriend's child from a different relationship, not her own children.  Counsel asked the district court to reduce the restitution by the amount spent on the child that was not hers and let the State pursue recovery of that amount from the child's father.

1

[¶6] Consistent with the plea agreement, the district court imposed a three to eight year sentence, which it suspended in favor of ten years of supervised probation. Addressing the issue of restitution, the district court's order stated:

> The Court has carefully considered the logical and well made arguments of counsel for Ms. Shafer. At the end of the day, however, the Court must agree with the State on this issue. Ms. Shafer, while enjoying a comfortable, if not luxurious lifestyle, stole money from not just the Wyoming Department of Family Services, but in fact from every Wyoming citizen. Her lifestyle would indicate that her actions were not based on necessity, but on greed. While she argues that DFS can pursue Mr. Schwinck, her significant other, civilly, the same is true for Ms. Shafer. She can either convince Mr. Schwinck to help her pay this restitution, or she can bring a civil action to force him to do so. In either event, the Court would not force any other victim to seek a civil remedy and will not do so in this case. The Court does not find that Ms. Shafer is unable to pay this restitution.

Accordingly, the district court ordered Ms. Shafer to pay the $90,722.79 in restitution. Ms. Shafer appealed from the order on restitution.

## STANDARD OF REVIEW

[¶7] We review challenges to the amount of restitution ordered by a district court for abuse of discretion. *Solis v. State*, 2010 WY 165, ¶ 7, 245 P.3d 323, 325 (Wyo. 2010), citing *Frederick v. State*, 2007 WY 27, ¶ 14, 151 P.3d 1136, 1141 (Wyo. 2007); *Alcaraz v. State*, 2002 WY 57, ¶ 5, 44 P.3d 68, 70 (Wyo. 2002). An abuse of discretion occurs when a district court could not reasonably conclude as it did. *Moore v. State*, 2013 WY 146, ¶ 10, 313 P.3d 505, 508 (Wyo. 2013).

## DISCUSSION

[¶8] Ms. Shafer contends it was not reasonable for the district court to order her to pay the entire restitution amount when it is clear from the record that she will be unable to pay it. She asserts the district court's order is particularly unreasonable given the fact that nearly half of the benefits she obtained from the State were for the benefit of her boyfriend's child, he earns sometimes as much as $90,000 a year, and the State could have taken measures to obtain payment from him.

[¶9]  "In Wyoming, a trial court's power to order restitution springs from statutory law, not any inherent authority." *Smith v. State*, 2012 WY 130, ¶ 13, 286 P.3d 429, 433 (Wyo. 2012), quoting *Solis*, ¶ 7, 245 P.3d at 325.  That authority stems from Wyo. Stat. Ann. §§ 7-9-101 through 7-9-114 (LexisNexis 2011).  *Id*.  Wyo. Stat. Ann. § 7-9-102 provides:

> In addition to any other punishment prescribed by law the court shall, upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7-9-103 and 7-9-114 unless the court specifically finds the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

Section 7-9-103(c) further provides:

> The court shall order the defendant to pay all or part of the restitution claimed and shall state on the record specific reasons why an order for restitution was not entered.  If the court determines that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay in the future, the court shall enter specific findings in the record supporting its determination.

[¶10]  These statutes do not require a district court to make findings concerning the amount of a defendant's income and other financial obligations.  *Smith,* ¶ 7, 283 P.3d at 432.  Rather, the restitution statutes require the district court "to order a defendant to pay restitution to each victim unless the court specifically finds that the defendant has no ability to pay and no reasonable possibility exists that he will have an ability to pay" in the future. *Id*., quoting *Solis*, ¶ 8, 245 P.3d at 325.  Pursuant to the clear statutory language, absent an express finding that the defendant has no ability to pay and no reasonable possibility exists that she will have an ability to pay in the future, the district court is required to order restitution.  *See also Glover v. State*, 2007 WY 169, ¶ 12, 169 P.3d 553, 557 (Wyo. 2007), the statutes require the court "to make a specific finding only when it determines the defendant does not have the ability to pay"; *Nixon v. State*, 4 P.3d 864, 871 (Wyo. 2000), "sentencing court is required to order a defendant to pay restitution unless it specifically finds the defendant is unable to pay."

[¶11]  Based upon the evidence, the district court did not make an express finding that Ms. Shafer had no ability to pay and no reasonable probability existed that she would have the ability to pay in the future.  The evidence supports the district court's refusal to make that finding.  The evidence showed Ms. Shafer was thirty-one years old, had a G.E.D. and had been employed at a job prior to a work injury in which her annual take-home pay was approximately $24,000.  No evidence was presented suggesting any reason

3

why she was not capable of obtaining similar employment again in the future. The evidence also showed she owned two vehicles and co-owned a travel trailer worth $16,500. No evidence was presented as to why she could not sell one of the vehicles and her interest in the travel trailer. Ms. Shafer is young and employable. She appears to have disposable assets the proceeds of which she could apply to the restitution amount. The district court ordered payment of the restitution amount over a ten year period. In the event Ms. Shafer is unable to satisfy her obligation within ten years, she may ask the district court to modify the plan pursuant to § 7-9-105. Under these circumstances, we conclude the district court's failure to find that Ms. Shafer had no ability to pay was not unreasonable. Likewise, its failure to find that no reasonable probability exists that she would have the ability to pay in the future was not unreasonable.

[¶12] Ms. Shafer also asserts the district court erred in considering the victim impact statement submitted by DFS because § 7-9-101(v) defines "victim" as "person who has suffered pecuniary damage as a result of a defendant's criminal activities" and DFS is not a person. Neither the victim restitution statutes nor the statutes addressing victim impact statements define the word person. However, Wyo. Stat. Ann. § 8-1-102(a)(vi) (LexisNexis 2013) provides:

> (a) As used in the statutes unless the legislature clearly specifies a different meaning or interpretation or the context clearly requires a different meaning:
>
> . . . .
> (vi) "Person" includes an individual, partnership, corporation, joint stock company or any other association or entity, public or private;

Pursuant to this provision, we conclude DFS is a "person" within the meaning of § 7-9-101(v).

[¶13] We affirm the district court's order requiring Ms. Shafer to pay restitution in the amount of $90,722.79.