FOX, Justice.
[¶1] After Debora McEwan pleaded no contest to obtaining welfare benefits by misrepresentation, the district court fixed restitution at $18,733, but did not order Ms. McEwan *882 to pay it. Nevertheless, the district court allowed the State to reduce $18,733 to a civil judgment, which Ms. McEwan challenges. We vacate the erroneous portions of the district court's order and remand for entry of an order conforming to statutory guidelines.
ISSUES
[¶2] 1. Did the district court erroneously allow the State to reduce $18,733 to a civil judgment?
2. Was the district court required to find that Ms. McEwan lacked an ability to pay restitution in the future in order to avoid ordering restitution?
FACTS
[¶3] In 2010, the State charged Ms. McEwan with three felonies for obtaining public welfare benefits by misrepresentation.[1] The facts supporting the charges are set out in our first review of this case, McEwan v. State , 2013 WY 158, ¶¶ 4-16, 314 P.3d 1160, 1163-65 (Wyo. 2013), and need not be repeated here. Following Ms. McEwan's no-contest plea to one of the three charges, the district court fixed restitution at $18,733. Ms. McEwan filed a motion requesting that the district court find she was unable to pay the restitution. At a hearing on the motion, Ms. McEwan presented evidence that the Social Security Administration had declared her to be disabled, she lived on a fixed income, and she had recently been granted a discharge in Chapter 7 bankruptcy proceedings. The prosecutor acknowledged that the State had no evidence to rebut Ms. McEwan's current inability to pay restitution. However, the prosecutor pointed out that Ms. McEwan may have the ability to pay restitution in the future:
... certainly the State would ask that Ms. McEwan be required to pay [restitution] ... [and] if the Court determines that there is an inability to pay, at this time, certainly the State would ask that this be reduced to a judgment, that the victim could be given a right to any type of civil remedy at any later date, that would include whether it was garnishment or seizure of property, if that were to come available.
[¶4] At the end of the hearing, the district court stated:
I don't think it is probably unreasonable to [find Ms. McEwan unable to pay]; but likewise, I don't think the State's request is unreasonable.
Situations change all the time and in the event that it does, I think the State should clearly have the right to come back civilly and attempt to collect that. So I am going to grant your request but I am also going to allow the State to reduce that to a civil judgment and leave it at that.
[¶5] Six weeks later, the district court issued an "Order on Sentencing and Reconsideration of Defendant's Inability to Pay Restitution." The order fixed the amount of Ms. McEwan's restitution at $18,733 but did not require her to pay it, finding that she lacked the ability to do so. Ms. McEwan appeals the district court's oral pronouncement allowing the State to reduce $18,733 to a civil judgment.
DISCUSSION
[¶6] Ms. McEwan argues that the district court exceeded its statutory authority when it allowed the State to reduce $18,733 to a civil judgment. She contends that only an order to pay restitution may be executed as a civil judgment, and the district court did not issue one. Ms. McEwan thus urges us to strike the portion of the district court's oral ruling that allows the State to seek a civil judgment. The State argues that the district court was statutorily required to order restitution, and we should remand the case to the district court to enter an order for restitution. With an order in place, the State would *883 be permitted to execute it as a civil judgment against Ms. McEwan. See infra ¶9.
[¶7] We generally confine our review of restitution orders to a search for procedural error or a clear abuse of discretion. Aldridge v. State , 956 P.2d 341, 343 (Wyo. 1998). Here, however, we must consider the extent of a district court's statutory authority to order restitution, which is a question of law that we review de novo. Pinker v. State , 2008 WY 86, ¶ 16, 188 P.3d 571, 577 (Wyo. 2008) ; see also Aldridge , 956 P.2d at 343 ("The trial court's exercise of discretion in ordering restitution does not spring from any inherent authority. Rather that exercise, like our review, is circumscribed by the statutes empowering the trial court to order restitution." (citations omitted) ).
I. Did the district court erroneously allow the State to reduce $18,733 to a civil judgment?
[¶8] At the end of the hearing on Ms. McEwan's motion, the district court orally pronounced that the State may reduce $18,733 to a civil judgment.[2] Execution of restitution as a civil judgment is authorized by Wyo. Stat. Ann. § 7-9-103(d) (LexisNexis 2017):
Any order for restitution under this chapter constitutes a judgment by operation of law on the date it is entered. To satisfy the judgment, the clerk, upon request of the victim, the division of victim services or the district attorney, shall issue execution in the same manner as in a civil action.
[¶9] A judgment that may be executed as a civil judgment plainly must originate as an "order for restitution."[3] Because the district court did not order restitution, it erred as a matter of law when it allowed the State to reduce $18,733 to a civil judgment.
II. Was the district court required to find that Ms. McEwan lacked an ability to pay restitution in the future in order to avoid ordering restitution?
[¶10] In determining restitution, the district court must "fix" an amount owed for each claim of restitution presented by the prosecuting attorney and record it as a special finding in the judgment of conviction (or probation order). Wyo. Stat. Ann. § 7-9-103(b) (LexisNexis 2017).
The court shall order the defendant to pay all or part of the restitution claimed or shall state on the record specific reasons why an order for restitution was not entered. If the court determines that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay in the future, the court shall enter specific findings in the record supporting its determination.
Wyo. Stat. Ann. § 7-9-103(c) (LexisNexis 2017).
[¶11] The district court fixed restitution pursuant to § 7-9-103(b), but did not order restitution. If a district court does not order restitution, the statute requires that it enter specific findings supporting its determination that the "defendant has no ability to pay and that no reasonable probability exists that [she] will have an ability to pay in the future." Wyo. Stat. Ann. § 7-9-103(c). The district court found that Ms. McEwan lacked the present ability to pay, but made no finding regarding her ability to pay in the future (other than "situations change all the time"). The district court erred as a matter of law when it failed to either order restitution or find that Ms. McEwan lacked both the present and the future ability to pay. Wyo. Stat. Ann. §§ 7-9-102 and 7-9-103(c) (LexisNexis *884 2017); see also Smiley v. State , 2018 WY 50, ¶ 16, 417 P.3d 174, 177 (Wyo. 2018).
[¶12] The State argues that the district court was compelled by statute to order restitution and therefore we should remand the matter to the district court for the limited purpose of ordering Ms. McEwan to pay restitution. We disagree. While the decision to order restitution is circumscribed by statute, it remains an exercise of the district court's discretion. Shafer v. State , 2015 WY 38, ¶ 11, 344 P.3d 284, 287 (Wyo. 2015). We vacate the portions of the district court's oral pronouncement that allow the State to reduce $18,733 to a civil judgment. We remand to the district court for entry of an order setting forth the court's decision as to Ms. McEwan's ability and obligation, if any, to pay all or part of the restitution claimed, bearing in mind that "absent an express finding that the defendant has no ability to pay and no reasonable possibility exists that she will have an ability to pay in the future, the district court is required to order restitution." Shafer , ¶ 10, 344 P.3d at 287 (emphasis omitted).
CONCLUSION
[¶13] The district court erred as a matter of law by allowing the State to reduce $18,733 to a civil judgment and by failing to either order restitution or specifically find that there exists no reasonable probability that Ms. McEwan will be able to pay restitution in the future. We vacate the erroneous provisions of the district court's orders and remand for entry of an order conforming to Wyo. Stat. Ann. §§ 7-9-102 and 7-9-103(c).

Ms. McEwan was charged with knowingly failing to report income to obtain food stamp benefits of $500 or more in violation of Wyo. Stat. Ann. § 42-2-112(a), (k)(i) ; knowingly falsifying work hours to obtain child care assistance in violation of § 42-2-112(h), (k)(i) ; and knowingly failing to report a bank account in order to obtain food stamp benefits under § 42-2-112(a), (k)(i).

Although the district court's subsequent written order did not contain this provision, "[a]s a general rule, an unambiguous oral pronouncement prevails over a contrary provision in a written order." Britton v. State , 2009 WY 91, ¶ 24, 211 P.3d 514, 519 (Wyo. 2009) ; see also Frederick v. State , 2007 WY 27, ¶ 38, 151 P.3d 1136, 1148 (Wyo. 2007) (citing Sampsell v. State , 2001 WY 12, ¶ 5, 17 P.3d 724, 725 (Wyo. 2001) ). Here, the district court's oral pronouncement was unambiguous.

The district court also plays no role in the process prescribed by § 7-9-103(d). The clerk of court issues the civil judgment upon the request of the victim, the division of victim services, or the district attorney.